## SMITH v. SMITH.

No. 24312.   Sept. 25, 1934.
Rehearing Denied Oct. 23, 1934.

Pearson & Houston and Wesley A. Smith, for plaintiff in error.

Freeling & Box, Chapman & Chapman, and Armstrong & Murphy, for defendant in error.

BUSBY, J. Willie Mae Smith, defendant in error, filed suit in district court of Oklahoma county against H. M. Smith, plaintiff in error herein, seeking divorce, alimony, and division of property. For convenience the parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

For her cause of action plaintiff alleged that defendant was without money when she married him; that she paid his office rent, living expenses, and had advanced him prior and subsequent to marriage as much as $10,000 to carry on and invest in oil enterprises; that he is now a wealthy man, and that she is entitled to permanent alimony and a division of property acquired. She also asked for a decree of divorce alleging extreme cruelty on his part. For answer defendant filed a response alleging that plaintiff had more financial resources than he; that she owned considerable business property, was a successful beauty parlor operator, received a large income, and was entirely capable of making an independent living. He asked for a divorce, claiming plaintiff was possessed of an ungovernable temper; that she drove him from home; was unfaithful to her marriage vows, and had perpetrated a fraud upon him in that she told him before their marriage that she had been married only twice before, whereas in reality she had been married three times; that she claimed she had obtained divorces from her former husbands by reason of their fault, whereas he had discovered later that two of her husbands had obtained divorces from her.

The case was tried at length in the lower court. The record contains some 1,600 pages of testimony and exhibits. The evidence shows that the parties met in Shawnee in the year 1928, lived and cohabited together before marriage. The voluminous record is replete with charges of drinking, "wild parties," and alleged paramours on the part of plaintiff, and of fights between plaintiff and defendant, and of a hectic relationship during the period of time plaintiff and defendant lived together, both before marriage and afterwards. Willie Mae Smith was apparently a shrewd woman, experienced both matrimonially and commercially. Defendant complains that he was her fourth husband, whereas he thought he was only third. This makes no difference as to the legal rights of the parties. Having lived with plaintiff some two years before marriage, Smith must have entered into a business and matrimonial relationship with her fully advised as to her characteristics and turbulent disposition. Also as to her money-making ability and financial standing and credit, which later inured to his benefit in his oil promotion ventures. He did not marry under duress, but apparently for convenience, if no stronger motive prompted him.

The trial judge granted a decree of divorce to plaintiff, which was unappealed from. He refused plaintiff's prayer for permanent alimony. He awarded a division of property which he found was acquired by their joint efforts. This was 250 shares of stock in Oils Incorporated, and a chose in action pending, which grew out of a suit filed by plaintiff against the above-named company. The appeal is from this order of division and an order fixing attorneys' fees.

The only serious question for consideration is the division of the stock in Oils Incorporated. There is evidence in the record showing that plaintiff furnished the defendant money and credit in his business as a broker and promoter prior to and subsequent to their marriage. There is a sharp conflict of evidence as to the exact amount. Both parties were interested in the development of Oils Incorporated, and apparently this joint enterprise was one adventure in which both parties heartily co-operated. Moreover, it was a financial success. We believe the trial court was justified from the evidence in his finding that:

"The next question for the court to determine is whether or not she is entitled to a division of the property. When they came to Oklahoma City to live, they came here to go into an oil venture, and they did go into an oil venture. Mr. Smith spent all of his time, I assume, from the time he came here and after the company was organized, and, as I recall, it was the latter part of August, 1931. His wife spent some little money when it was necessary to do so and they lived together until the 4th day of October. The trouble seemed to begin about that time, and it was about an even tilt as to who was to blame after they commenced until the final separation.

During the time that they were drilling this well and endeavoring to bring something valuable into the family, they were apparently co-operating. The plaintiff was putting up money when she could and there is some proof that later on, when the well was down about the big gas sand where it was necessary to secure casing at the approximate depth of 5,500 feet, that Mrs. Smith secured, through the mortgaging of her own property, the casing, about which suit is now pending and the court has no interest in, except that as I once stated. It might have some bearing on this case and I did hope that it might be out of the way so I wouldn't have to say anything about it. At the time her property was placed as security but I understand it since has been repaid. She doubtless made that loan because she was Smith's wife, or pledged her property as security, because she went to the supply house and signed up the papers.

"The evidence further shows after Oils Incorporated was established that certificate No. 1 for one share of stock was issued to Mr. Smith and certificate No. 8 for 249 shares was issued to him, making a fourth interest in Oils Incorporated. This stock was carried in the name of G. S. Smith. The court is of the opinion G. S. Smith and H. M. Smith is one and the same party. The property in reality is H. M. Smith's property and he has it for the purpose of doing what he chooses to do with it.

"The court thinks under the proof in this case that the property was jointly acquired property and that this plaintiff is entitled to one-half interest in the 250 shares of stock. The court further finds if she has any sort of action against this company for any other interest, that action grew up and arose by virtue of their marital relations, and if she ever recovers anything on that, that her husband is entitled to one-half. That is a choses in action and may never be of any value and it may be."

The entire record on all points is one of conflicts. The trial court had an opportunity to observe the witnesses and the parties, and his findings granting a divorce to plaintiff, refusing her permanent alimony and making a division of jointly acquired property, should not be disturbed unless clearly against the weight of the evidence. We cannot say his finding is clearly against the weight of the evidence. We are, therefore, of the opinion that the judgment of the trial court should be sustained, awarding plaintiff 125 shares of Oils Incorporated stock, or an undivided one-half interest in certificates 1 and 8 outstanding in the name of G. S. Smith, as a portion of the property jointly acquired during coverture; also a one-half interest in the choses in action as referred to in the journal entry, and that the attorneys' fees should be paid as set out

in the journal entry. The court costs incident to this litigation should be borne equally by parties hereto.

RILEY, C. J., and OSBORN, BAYLESS, and WELCH, JJ., concur.