## SMITH v. ARMSTRONG & MURPHY.

No. 26542.   Sept. 14, 1937.

Rehearing Denied Oct. 12, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 23, 1937.

S. P. Render, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Oklahoma county by Jas. R. Armstrong and W. L. Murphy, copartners engaged in practicing law under the firm name of Armstrong & Murphy, hereinafter referred to as plaintiffs, against Willie Mae Smith, hereinafter referred to as defendant, wherein it was sought to recover certain property by virtue of a contract of employment whereby plaintiffs were employed to represent defendant in certain litigation. From a judgment in favor of plaintiffs, defendant has appealed.

It appears that on September 25, 1931, defendant herein was plaintiff in two pending actions. In one action she sought a divorce from her husband, H. M. Smith, sought to recover $10,000 which she claimed she had advanced to him to be used in certain business enterprises and recovery of certain shares of stock in Oils Incorporated which she alleged had been acquired by the joint efforts of herself and husband. In the other action plaintiff was suing Oils Incorporated, and E. W. Whitney, H. M. Smith (her husband), and R. Y. Walker as the officers of the corporation for a one-fifth interest (or 250 shares) in the capital stock and assets of the corporation. Being dissatisfied with the manner in which her attorneys were handling the litigation, she sought the services of plaintiffs, and on the date above named entered into contracts of employment with them, which contracts were reduced to writing. Under the terms of the contracts, plaintiffs were to assist attorneys previously employed. Regarding the compensation to be received by plaintiffs, it was provided by the contract herein involved as follows:

"It is further agreed between the parties hereto that the compensation of the said Parties of the First Part shall be as follows: The sum of $500 in cash is to be paid by Party of the Second Part as a retaining fee; and in the event the said Party of the Second Part recovers any monies or other property by reason of such suit, then and in that event the Parties of the First Part are to receive twenty-five per cent. (25%) thereof, same to be exclusive of any attorney's fees which the court may direct to be paid by the defendant."

The contract further provided that in the event no recovery of money or other property be obtained by defendant herein, the retaining fee should be the full compensation to be received, exclusive of any attorney's fees which the court might direct to be paid by the defendant (H. M. Smith).

A separate contract was entered into between the parties regarding the suit against Oils Incorporated and the officers of the corporation. By the terms of that contract plaintiffs were to be paid a retaining fee of $500 and were to receive 25 per cent. (25%) of any interest in said corporation which might be recovered by the plaintiff therein.

After entering into the contracts of employment, plaintiffs filed additional pleadings in both cases. The divorce action was prepared for trial and thereafter tried. Defendant herein (plaintiff therein) was granted a divorce. The trial court in that case found that plaintiff and her husband had entered into an oil venture and had co-operated therein; that plaintiff therein (defendant herein) had furnished some money and had mortgaged her property for the purpose of securing funds with which to buy casing; that the stock of Oils Incorporated was jointly acquired as a result of said venture and that plaintiff (defendant herein) was entitled to one-half of the stock held by her husband, or 125 shares.

Under the order of the court, plaintiff's attorneys' fees, fixed at $2,000, were paid one-half by plaintiff and one-half by defendant, which fees were divided between the three firms of attorneys appearing for plaintiff therein.

From the order fixing attorneys' fees and dividing the stock heretofore referred to, an appeal was taken to this court and the judgment of the trial court affirmed. Smith v. Smith, 169 Okla. 305, 36 P. (2d) 886.

This action was instituted for the purpose of enforcing compliance with the terms of the contract of employment in the divorce case. It is urged by defendant that the contract is contrary to public policy and void. Defendant relies upon the rule announced in the case of Opperud v. Bussey, 172 Okla. 625, 46 P. (2d) 319, wherein it was held that an attorney's lien contract providing for a contingent fee, dependent upon the amount recovered in a divorce case, is against public policy, void, and unenforceable. Plaintiffs challenge the correctness of the rule announced in that case, but it appears that, as a general rule, it is supported by the great weight of authority, as shown by cases cited in the body of the opinion. Our attention is directed to section 4205, O. S. 1931, which specifically authorizes attorneys to contract for a percentage of the proceeds of a client's cause of action, not to exceed 50 per cent. of the net amount of the recovery in actions ex contractu or ex delicto. This

is a general statute, expressive of the general policy of the state, and we may not determine the issues herein involved without giving it due consideration. The rule announced in Opperud v. Bussey, supra, being in derogation of the rights granted by the statute, should not be extended further than the necessities of the case require. The reasons assigned for holding attorney's contracts to be contrary to public policy and void in cases where an attorney may be given a pecuniary interest in the dissolution of a marriage are set forth in the body of the opinion in the case of Opperud v. Bussey, supra, and will not be reiterated here. A fair analysis of all the facts involved in the instant case impels the conclusion that the rule has no application to the present controversy. The property acquired by defendant herein was acquired by reason of a joint venture of defendant and her husband in a successful oil enterprise. Her right to a recovery of the property was not dependent upon the dissolution or maintenance of the marriage relation, but by virtue of her financial aid to and co-operation in the joint venture. See Smith v. Smith, supra. Under the terms of the contract the fee fixed for procuring the divorce was not contingent, but was a fixed sum, "exclusive of attorneys' fees which the court may direct to be paid by the defendant." An examination of the contract and the pleadings filed discloses that it was not contemplated that plaintiffs were to participate in any money or property accruing by virtue of the marriage relation or as a result of the dissolution thereof. The property and money involved in the litigation were claimed by defendant herein (plaintiff therein) as property acquired by her individual effort. It therefore follows that the parties were authorized by the express provisions of section 4205, supra, to enter into the contract involved herein, and that the same is not violative of public policy.

It is urged that the issues in this case are res judicata; that plaintiffs' compensation was fixed by order of the trial court at the conclusion of the action for divorce. The plea of res judicata is not available to defendant in this action. An essential element is lacking, that is, identity of the parties.

The rights of the parties herein are determinable by the contract. We find no reversible error in the record.

The judgment is affirmed.

RILEY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS, V. C. J., and PHELPS, HURST, and DAVISON, JJ., dissent.