Harold J. HUDSON, Plaintiff in Error,

v.

Florence HUDSON, Defendant in Error.

No. 38414.

Supreme Court of Oklahoma.

March 15, 1960.

Hughey Baker, Tulsa, for plaintiff in error.

Robert J. Woolsey, Tulsa, for defendant in error.

WELCH, Justice.

This action was filed by plaintiff, Florence Hudson, against defendant, Harold J. Hudson, for divorce and alimony in the district court of Wagoner County, Oklahoma. Judgment was for divorce to each party and plaintiff was given her automobile and certain other specified items of property, and was granted a money award of $9,500, referred to as $3,000 by way of return on her cash investment in the marriage venture, and $6,500 alimony, also $500 expense for attorney's fee.

The defendant contends that the trial court committed error in rendering judgment for alimony since an antenuptial contract had been entered into between the parties prior to marriage, providing that in event of divorce neither would assert any right or claim against the other for alimony.

Plaintiff contends that the antenuptial contract is not binding upon the court concerning alimony. The cases cited to support this contention concern settlement agreements made between husband and wife after marriage and prior to divorce, therefore not in point.

We have held that an antenuptial contract entered into between a man and woman in contemplation of their marriage that is just and reasonable will be upheld by the courts. Talley v. Harris, 199 Okl. 47, 182 P.2d 765; Pence v. Cole, 85 Okl. 69, 205 P. 172, and Clark v. Clark, 201 Okl. 134, 202 P.2d 990.

Upon examination of the journal entry of judgment we observe that the trial court made a finding that both parties had been previously married, and prior to this marriage they entered into an antenuptial contract fairly, freely, understandingly and without fraud, that its provisions were reasonable and that said contract was valid. Therefore we may look to the contract to determine its provisions as to alimony. Said contract provides in part:

"It is further agreed by each of the parties hereto that in event of divorce that each will not assert any right or claim against the other for alimony or other property division and will seek or claim no right, title or interest to any property that the other spouse may have owned at the time of said marriage and will only claim an interest in such property as may have been accumulated during their married life."

Therefore under the terms of the antenuptial contract the plaintiff would only be

entitled to recover from the defendant an interest in the property or money acquired during their married life, and to have that property and money which was hers at the time of the marriage. The trial court made a finding that the estate of the defendant had in fact decreased since the marriage, and according to the evidence of record we think such finding was correct. Therefore plaintiff would only be entitled to recover that property and money which she had at time of marriage. The trial court made a finding that the plaintiff had $5,000 which she placed in joint account with defendant at time of marriage; that she had certain household furniture, and an Oldsmobile automobile which was mortgaged for the sum of $2,640, which sum was paid by defendant; that defendant paid $500 attorney's fee to attorneys in California for services in some litigation in which plaintiff was involved at time of marriage. The trial court in adjudging plaintiff to have her furniture and Oldsmobile automobile free from incumbrances, together with $3,000 in cash, apparently gave some consideration to the antenuptial contract, since plaintiff had placed $5,000 in cash in said joint account, and defendant had paid out $3,140 for her benefit in legal fees and indebtedness on automobile. However, we are unable to find any evidence of record or any finding of fact by the trial court justifying an award of alimony for plaintiff.

As to the aggregate money award to plaintiff of $9,500 the defendant contends this sum should be reduced to $5,000, on account of the fact shown, and on account of the findings of the trial court as above set out. We agree with that contention as we find that any other conclusion would be against the clear weight of the evidence so as to require reversal. Morris v. Morris, 132 Okl. 291, 270 P. 833.

All of the trial court judgment except as to the money award of $3,000 and $6,500, total $9,500 stands unquestioned and unaffected by this appeal. The judgment as to that money award of $9,500 is reversed, and the cause remanded with directions to render judgment for plaintiff for a money award of $5,000.

WILLIAMS, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD and BERRY, JJ., dissent.