**Marlene Kay FREEMAN, Appellant,**

v.

**James Floyd FREEMAN, Appellee.**

**No. 48940.**

Supreme Court of Oklahoma.

June 7, 1977.

Theimer, Mesigh & Page by H. J. Mesigh, Oklahoma City, for appellant.

W. F. Parrish, Jr., Lawton, for appellee.

BERRY, Justice:

Marlene Kay Freeman [plaintiff], filed a divorce action against James Floyd Freeman [defendant] in Comanche County, Oklahoma, on May 21, 1975. After some delay by defendant, the matter came on for trial on September 3, 1975; Journal Entry of Judgment was filed some months later wherein the court granted a divorce to plaintiff on incompatibility grounds, awarded custody of two minor children to plaintiff and child support of $175 per month per child, awarded various items of real and personal property to each party [the homestead, household goods and an automobile were given to plaintiff]; awarded plaintiff $6,000 alimony in lieu of property and $7,200 alimony for support, awarded attorney fees to plaintiff of $1,000 and determined that remainder of defendant's property was not subject to further division because of a valid antenuptial contract.

Plaintiff first contends parties' antenuptial contract is unenforceable because it was made in contemplation of divorce and, therefore, admission into evidence by trial court was prejudicial to the rights of plaintiff. The leading Oklahoma case on this point is *Hudson v. Hudson*, 350 P.2d 596 [1960], wherein an antenuptial agreement made in contemplation of possible divorce was upheld. Specifically, the court upheld the following provision:

"It is . . . agreed by each of the parties hereto that in event of divorce that each will not assert any right or

claim against the other for alimony or other property division and will seek or claim no right, title or interest to any property that the other spouse may have owned at the time of said marriage and will only claim an interest in such property as may have been accumulated during their married life."

Clearly, the foregoing provision was agreed to with a view toward possible divorce. Thus, an antenuptial agreement which contemplates possible divorce is enforceable.

In the instant matter, each of the parties had undergone previous divorces and desired to forestall property division problems should divorce be sought in the future. They merely agreed that their individual property before marriage would remain so after marriage.

■ However, plaintiff claims defendant did not fully disclose his holdings. The agreement expressly delineates defendant's holdings in various enterprises and, moreover, plaintiff acknowledged such holdings by placing her initials in the margin and subscribing the document. There is no claim defendant secured plaintiff's signature by fraud. We hold, therefore, the antenuptial agreement was enforceable and was properly considered by trial court.

Plaintiff next contends division of property was inequitable and disproportionate to the assets of the parties. We cannot agree.

■ Putting aside defendant's business holdings held prior to marriage and controlled by the antenuptial agreement, plaintiff was awarded the parties' home, alimony [total of $13,200] for support and in lieu of property division, a 1971 Lincoln automobile and other personalty. We are bound by trial court's judgment on appeal unless clearly contrary to clear weight of evidence.

See, e. g., *Creech v. Creech*, Okl., 292 P.2d 376 [1956]; *Lawson v. Lawson*, 205 Okl. 215, 236 P.3d 683 [1951]; *Smith v. Smith*, 169 Okl. 305, 36 P.2d 886 [1934]. We conclude trial court did not abuse its discretion.

■ Finally, plaintiff contends the amount of child support was insufficient in view of the assets of defendant. Trial court awarded $175 per month per child. We do not believe this award is against the clear weight of the evidence and find judgment of trial court should be affirmed.

Affirmed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES and SIMMS, JJ., concur.

DOOLIN, J., concurs specially.

DOOLIN, Justice, specially concurring:

I agree with the result sustained by the majority under the facts and circumstances of this case. *Hudson v. Hudson*, 350 P.2d 596 (Okl.1960) quoted by the majority recites the general rule in Oklahoma that antenuptial contracts, if just and reasonable, are favored by law and ordinarily will be enforced if entered into freely and without fraud.[1] I do not agree however, that an antenuptial agreement which contemplates or encourages possible divorce should be equally enforceable.

Generally an antenuptial contract is not against public policy unless the terms of the agreement encourage divorce.[2] But provisions in such an agreement which facilitate divorce or separation by providing for a settlement only in the event of such occurrence are against public policy.[3] Further, only if the contract relates to the disposition of property rather than altering support obligations imposed by law should it be upheld.[4] The majority's sanction of antenuptial agreements is too broad.

1. *In re Cole's Estate*, 85 Okl. 69, 205 P. 172 (1922); *Leonard v. Prentice*, 171 Okl. 522, 43 P.2d 776 (1935); *Blasingame v. Gaithright*, Okl., 284 P.2d 431 (1955). But see *Huber v. Culp*, 46 Okl. 570, 149 P. 216 (1915).

2. *In re Estate of Murdock*, 213 Kan. 837, 519 P.2d 108 (1974).

3. *In re Marriage of Higgason*, 10 Cal.3d 476, 110 Cal.Rptr. 897, 516 P.2d 289 (1973).

4. Id. p. 295.

I am authorized to state that HODGES, C. J., and WILLIAMS and BARNES, JJ., concur in the views herein expressed.