**In the Matter of the ESTATE OF Ruby E. STEEN, Deceased, Roberta Ann Blackwell, Appellant,**

v.

**J. Barry EPPERSON, Administrator with Will Annexed of the Estate of Ruby E. Steen, Deceased; and Beverly Jane Edwards, Appellees.**

No. 76772.

Supreme Court of Oklahoma.

July 18, 1995.

Rehearings Denied Sept. 19, 1995.

set forth in the probate statutes until such time as the legislature amends them.

The opinion in all other respects remains the same. Further, because we are of the view that the amended opinion will add clarity to the law it is approved for publication in the official reporter pursuant to 20 O.S.1991 § 30.5 and accorded precedential value.

/s/ Alma Wilson
Chief Justice

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS and HARGRAVE, JJ., concur.

KAUGER, V.C.J., and SUMMERS, J., dissent.

WATT, J., dissents for the reasons set out in *Wilson v. Kane*, 852 P.2d 717 (Okla.1993).

Byron D. Todd, Margaret M. Perrault, Tulsa, for Appellant.

J. Barry Epperson, Janine H. Vanvalkenburgh, Tulsa, for Appellee Epperson.

M.M. McDougal, Tulsa, for Appellee Edwards.

*ORDER APPROVING COURT OF APPEALS OPINION FOR PUBLICATION AS AMENDED BY THIS ORDER*

Certiorari was previously granted by this court. For the following reason, we have determined that the memorandum opinion of the Court of Appeals, Division III rendered on March 3, 1992 should be amended. While we concur in the findings expressed therein, we are of the view that wherever the term "jurisdiction" appears, in reference to the jurisdiction of the district judge sitting in probate, the term "authority" be used instead. Although, under the 1967 constitutional amendment a district judge now has unlimited "jurisdiction" to hear probate matters, the "authority" of the district judge remains limited by the statutory restrictions