OSCN Found Document:IN THE MATTER OF THE ESTATE OF VOSE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE ESTATE OF VOSE
2017 OK 3
Case Number: 115424
Decided: 01/17/2017
As Corrected: January 18, 2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 3, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In the Matter of the Estate of Anne S. Vose, Deceased.

C.A. Vose, Jr., Appellee,
v.
Robert E. Lee, III, Personal Representative of the Estate of Anne S. Vose, Deceased, Appellant.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
HONORABLE RICHARD W. KIRBY
ASSOCIATE DISTRICT JUDGE

¶0 The administrator of a decedent's estate appeals an interlocutory order of the district court compelling the administrator to file a federal estate tax return for the decedent's estate and elect portability of the Deceased Spousal Unused Exclusion Amount pursuant to 26 U.S.C.A. § 2010. The surviving spouse sought the order, and benefits from the portability election. The administrator asserts the district court erred on several grounds, arguing lack of jurisdiction, issues with federal preemption, the surviving spouse's lack of standing, and that the order is contrary to an antenuptial agreement entered into between the surviving spouse and the decedent. On consideration of the matter, this Court finds no reversible error and affirms.

ORDER OF THE DISTRICT COURT IS AFFIRMED; CAUSE REMANDED

Rebecca Farris, Oklahoma City, Oklahoma, for Appellant.
Andrew W. Lester, Spencer Fane LLP, Edmond, Oklahoma, for Appellee.

COMBS, C.J.:

¶1 The essential question before this Court is whether the district court erred by ordering the administrator of a decedent's estate to timely prepare and file a federal estate tax return for purposes of electing portability of the decedent's Deceased Spousal Unused Exclusion Amount (DSUE), pursuant to 26 U.S.C.A. § 2010, for the benefit of the decedent's surviving spouse. We hold that it did not.

I.
FACTS AND PROCEDURAL HISTORY

¶2 This cause arises from a dispute concerning the estate of Anne S. Vose (Decedent). Decedent died intestate on January 22, 2016. Appellee C.A. Vose, Jr. (Vose) is her surviving spouse, having married Decedent on June 3, 2006. On May 24, 2006, and prior to their marriage, Vose and Decedent entered into an antenuptial agreement that is relevant to this cause. Appellant Robert E. Lee, III (Lee) is the current administrator of the estate, and also Decedent's son from a prior marriage.

¶3 On January 25, 2016, Lee sought admission to probate of Decedent's will from 1995 and, in accordance with the will, appointment of himself and his sister as co-administrators of Decedent's estate. On January 29, 2016, Vose filed his own petition, alleging that Decedent died intestate, asserting a prior right over all Letters of Administration, and seeking to become sole administrator of Decedent's estate.

¶4 Lee eventually withdrew his petition, according to him because of representations from Vose concerning the revocation of Decedent's 1995 will. He also claims that at that time he had yet to see the antenuptial agreement between Vose and Decedent. The court held a hearing on Vose's petition on February 23, 2016, where the antenuptial agreement was mentioned but not presented. Vose was appointed administrator of Decedent's estate and letters were signed. After the antenuptial agreement was produced and Vose's waiver of the right to be appointed administrator of Decedent's estate was made manifest, an agreed order was entered appointing Lee as the administrator of Decedent's estate.

¶5 Lee has filed several applications concerning this matter with the district court. Some have been granted, but many have been stayed pending a conflict of interest hearing concerning Vose's counsel. Part of the way through the proceedings, three attorneys from McAfee & Taft entered appearances for Vose, and Vose's previous counsel withdrew. Lee objects to Vose's new counsel.

¶6 On August 10, 2016, Vose filed his Application to Compel Administrator to Timely Prepare and File a Federal Estate Tax Return for Purposes of Irrevocably Electing Portability of Decedent's Deceased Spousal Unused Exclusion Amount (DSUE Application). The DSUE Application is the primary matter at issue in the order Lee appeals. At a hearing held on August 24, 2016, the district court decided to stay all pending issues in the cause until the alleged conflict of interest issue could be resolved, but stated it would allow the DSUE Application to be heard as scheduled on September 9, 2016, so long as it was presented through special counsel.

¶7 On November 8, 2016, the district court entered its order effectively granting Vose's DSUE application. The district court, non-exhaustively: 1) denied Vose's request for appointment of a special administrator for purposes of filing an estate tax return for Decedent; 2) ordered Lee to provide Vose with a list of the records necessary to prepare the estate tax return and ordered Vose to provide the records; 3) ordered Vose to produce to Lee a detailed inventory of the personal property of Decedent in his possession and make it available for pickup; 4) ordered, if a DSUE is available, that the administrator shall timely file an estate tax return electing portability of the DSUE and allow Vose 60 days to review the return and documentation prior to filing; and 5) ordered Vose to pay for the filing of the return if a DSUE is available.

¶8 Lee appealed, filing an Amended Petition in Error (with the district court's order attached) with this Court on November 9, 2016. Vose moved to dismiss the appeal on October 31, 2016, and this Court denied the motion on December 12, 2016. Lee filed a Motion to Retain Appeal and Place on Fast Track Docket on November 23, 2016, and the Court granted the motion and ordered accelerated briefing. The cause was assigned to this office on December 16, 2016.

¶9 Vose raises several points of error on appeal, including: 1) the district court lacked subject matter jurisdiction; 2) its order concerning the DSUE is preempted by federal law; 3) the trial court failed to properly consider the antenuptial agreement and therefore erroneously determined Vose had standing; 4) the district court's order violates the terms of the antenuptial agreement.[1]

 

II.
STANDARD OF REVIEW

 

¶10 Probate proceedings are of equitable cognizance. In re Estate of Carlson, 2016 OK 6, ¶11, 367 P.3d 486; In re Estate of Holcomb, 2002 OK 90, ¶8, 63 P.3d 9; In re Estate of Sneed, 1998 OK 8, ¶8, 953 P.2d 1111. While an appellate court will examine and weigh the record of proof, it must abide by the law's presumption that the district court's decision is legally correct and cannot be disturbed unless found to be clearly contrary to the weight of the evidence or to some governing principle of law. In re Estate of Bleeker, 2007 OK 68, ¶12, 168 P.3d 774; Sneed, 1998 OK 8, ¶8; In re Estate of Maheras, 1995 OK 40, ¶7, 897 P.2d 268. Whenever the law and facts so warrant, an equity decree may be affirmed if it is sustainable on any rational theory and the ultimate conclusion reached below is legally correct. Harrell v. Samson Resources Co., 1998 OK 69, ¶31, 980 P.2d 99; Bankoff v. Bd. of Adjustment of Wagoner County, 1994 OK 58, ¶17, 875 P.2d 1138; In re Estate of Bartlett, 1984 OK 9, ¶4, 680 P.2d 369.

III.
THE DECEASED SPOUSAL UNUSED EXCLUSION AMOUNT AND PORTABILITY

¶11 With the passage of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312, § 303, 124 Stat. 3296 (2010), a concept known as portability was introduced into the United States Tax Code. The mechanism was made permanent by the American Taxpayer Relief Act of 2012, Pub. L. No. 112-240, 126 Stat. 2313 (2013). In the event a first-to-die spouse has not fully used the estate tax exclusion, portability allows for the unused portion to be transferred to the surviving spouse. Details concerning the mechanics are provided in 26 U.S.C.A. § 2010.[2] The unused exclusion amount that may be transferred to the surviving spouse is called the Deceased Spousal Unused Exclusion Amount (DSUE). 26 U.S.C.A. § 2010(c)(4). However, in order for a surviving spouse to make use of the DSUE, an election must be made by the executor of the deceased spouse's estate, who must also file an estate tax return. Specifically, 26 U.S.C.A. § 2010(c)(5)(A) provides:

(A) Election required.--A deceased spousal unused exclusion amount may not be taken into account by a surviving spouse under paragraph (2) unless the executor of the estate of the deceased spouse files an estate tax return on which such amount is computed and makes an election on such return that such amount may be so taken into account. Such election, once made, shall be irrevocable. No election may be made under this subparagraph if such return is filed after the time prescribed by law (including extensions) for filing such return.

¶12 The Internal Revenue Service has promulgated rules[3] concerning portability that further clarify the election process and who may make the election. Specifically, 26 C.F.R. § 20.2010-2 provides in pertinent part:

(6) Persons permitted to make the election--(i) Appointed executor. An executor or administrator of the estate of a decedent survived by a spouse that is appointed, qualified, and acting within the United States, within the meaning of section 2203 (an appointed executor), may timely file the estate tax return on behalf of the estate of the decedent and, in so doing, elect portability of the decedent's DSUE amount. An appointed executor also may elect not to have portability apply pursuant to paragraph (a)(3) of this section.

(ii) Non-appointed executor. If there is no appointed executor, any person in actual or constructive possession of any property of the decedent (a non-appointed executor) may timely file the estate tax return on behalf of the estate of the decedent and, in so doing, elect portability of the decedent's DSUE amount, or, by complying with paragraph (a)(3) of this section, may elect not to have portability apply. A portability election made by a non-appointed executor when there is no appointed executor for that decedent's estate can be superseded by a subsequent contrary election made by an appointed executor of that same decedent's estate on an estate tax return filed on or before the due date of the return, including extensions actually granted. An election to allow portability made by a non-appointed executor cannot be superseded by a contrary election to have portability not apply made by another non-appointed executor of that same decedent's estate (unless such other non-appointed executor is the successor of the non-appointed executor who made the election). See § 20.6018-2 for additional rules relating to persons permitted to file the estate tax return.

¶13 In its Summary of Comments and Explanation of Revisions, the IRS further clarified why only an executor, and not a surviving spouse who is not an executor (such as Vose in this cause) may make the DSUE portability election. Portability of a Deceased Spousal Unused Exclusion Amount, 80 Fed. Reg. 34,279-01, 34,281 (June 16, 2015). Specifically, the IRS explained:

3. Persons Permitted to Make the Election

Several commenters requested that the final regulations allow a surviving spouse who is not an executor as defined in section 2203 of the Code to file an estate tax return and make the portability election in several different circumstances. A few of the circumstances described include those in which the spouse is given the right to file the estate tax return in a prenuptial or marital agreement, or the spouse has petitioned the appropriate local court for the spouse's appointment as an executor solely for the limited purpose of filing the estate tax return and the executor does not make the portability election. The Treasury Department and the IRS recognize the possibility that an executor may exercise the executor's discretion to not make the portability election, thus causing the estate to forfeit the opportunity to elect portability, but note that section 2010(c)(5) of the Code permits only the executor of the decedent's estate to file the estate tax return and make the portability election. The 2012 temporary regulations address the circumstances in which an appointed executor or a non-appointed executor may file the estate tax return and decide whether or not to elect portability. The Treasury Department and the IRS believe that any consideration of what, if any, state law action might bring the surviving spouse within the definition of executor under section 2203 is outside of the scope of this regulation. Accordingly, the final regulations adopt the applicable rules in the 2012 temporary regulations without change.

Id.

¶14 Lee asserts that he is the appointed executor within the meaning of the relevant federal law.[4] Accordingly, Lee argues on appeal that, pursuant to 26 U.S.C.A. § 2010 and the applicable regulations, the decision to elect portability of the DSUE is discretionary and entirely his to make. He further argues that the district court therefore had no subject matter jurisdiction over the matter, and that its order compelling him to make the election is directly contrary to federal law and any state law grounds on which it might be based are defeated by the preemption doctrine.

IV.
THE DISTRICT COURT PROPERLY EXERCISED AUTHORITY AND
SUBJECT MATTER JURISDICTION, UNAFFECTED BY THE
PREEMPTION DOCTRINE

A.The district court possesses statutory authority over matters related to probate.

¶15 To begin, authority[5] in probate matters is conferred upon the district courts of Oklahoma by 58 O.S. 2011 § 1.[6] The district court sitting in probate has the power to order and regulate all distribution of property or estates of deceased persons. Title 58 O.S. 2011 § 1(A)(7). The district court sitting in probate also has the power to cause estate taxes to be equitably apportioned and collected. Title 58 O.S. 2011 § 1(B). Finally, the district court sitting in probate has authority to make all such orders as may be necessary to exercise the powers conferred upon it, 58 O.S. 2011 § 1(A)(10), and further authority to determine rights as to estate property as to all persons and entities. 58 O.S. 2011 § 1(C). Given the statutory authority granted to the district court sitting in probate, it possesses authority to determine the applicability of federal estate tax provisions to Decedent's estate and determine what interest, if any, Vose may have in the DSUE. Lee does not dispute this on appeal, but rather argues: 1) the district court is deprived of jurisdiction in this matter by virtue of the preemption doctrine; and 2) Vose is not an heir and has no interest in the estate (and hence no standing) pursuant to the antenuptial agreement he entered into with Decedent prior to their marriage.

B.The preemption doctrine does not bar the district court's exercise of
authority and jurisdiction in this matter.

¶16 The preemption doctrine arises from the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2.[7] Though he does not explicitly state it, Lee's combined argument concerning preemption and lack of subject matter jurisdiction implies he is relying on the concept of complete preemption, which converts what would ordinarily be state law claims into federal claims. See Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1204-1205 (10th Cir. 2012). When a federal statute completely pre-empts a state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 2, 123 S.Ct. 2058, 2059, 156 L.Ed.2d 1 (2003).

¶17 In Reeds v. Walker, this Court noted the link between complete preemption and the potential loss of subject matter jurisdiction:

Although the complete preemption doctrine is ordinarily invoked to support removal of an action to federal court, we see no reason why it cannot be invoked in a state-court appellate proceeding to analyze federal question jurisdiction, which, if exclusive, would divest the state courts of subject matter jurisdiction.

2006 OK 43, ¶15 n.34, 157 P.3d 43 (internal citations omitted).

However, complete preemption is a rare doctrine. Devon Energy Production Co., L.P., 693 F.3d at 1204; Cmty. State Bank v. Strong, 651 F.3d 1241, 1260 n. 16 (11th Cir. 2011).[8] The Tenth Circuit explained:

"[w]e read the term ["complete preemption"] not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal."

Devon Energy Production Co., L.P., 693 F.3d at 1205 (quoting Schmeling v. NORDAM, 97 F.3d 1336, 1342 (10th Cir. 1996)).

In other words, the federal statute must so pervasively regulate its respective area that it leaves no room for state-law claims. Devon Energy Production Co., L.P., 693 F.3d at 1205.

¶18 Vose's claims concerning the DSUE are rooted in Oklahoma law concerning the fiduciary obligations owed by estate administrators to potential beneficiaries of the estate. There is no indication in the federal law provisions concerning the DSUE that the Congress intended to leave no room for state law claims relating to the duties of the estate administrator, even if those duties involve a federal matter such as the election of the DSUE. Indeed, the IRS itself acknowledged that the question of what state law actions might bring a surviving spouse within the definition of executor pursuant to 26 U.S.C.A. § 2203 are outside the scope of its regulations, implicitly acknowledging the interplay between state laws concerning probate and estate distribution and the federal estate tax provisions. The complete preemption doctrine is inapplicable here and does not deprive the district court of subject matter jurisdiction in this cause.

¶19 Absent complete preemption, the question is whether the district court's order violates any other aspect of the preemption doctrine. This Court has previously stated the ways in which preemption might come into play:

Generally, preemption is a matter of Congressional intent that occurs under four instances: (1) express statutory language; (2) a pervasive regulatory scheme that infers by its presence that Congress felt the federal regulation did not need supplemental state law provisions; (3) an actual conflict between state and federal laws making it physically impossible to comply with both; or (4) where the objectives and purpose of Congress are thwarted by state law.

Todd v. Frank's Tong Service, Inc., 1989 OK 121, ¶5, 784 P.2d 47; Missouri-Kansas-Texas R. Co. v. State, 1985 OK 108, ¶41, 712 P.2d 40.

The Supreme Court of the United States effectively summarized the doctrine in Arizona v. U.S., where it stated:

. state laws are preempted when they conflict with federal law. Crosby, supra, at 372, 120 S.Ct. 2288. This includes cases where "compliance with both federal and state regulations is a physical impossibility," Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), and those instances where the challenged state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," Hines, 312 U.S., at 67, 61 S.Ct. 399; see also Crosby, supra, at 373, 120 S.Ct. 2288 ("What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects"). In preemption analysis, courts should assume that "the historic police powers of the States" are not superseded "unless that was the clear and manifest purpose of Congress." Rice, supra, at 230, 67 S.Ct. 1146; see Wyeth v. Levine, 555 U.S. 555, 565, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009).

___ U.S. ___, 132 S.Ct. 2492, 2501, 183 L.Ed.2d 351 (2012).

¶20 Lee asserts there is a direct conflict between the district court's order compelling him to file an estate tax return for Decedent and elect portability of the DSUE for use by Vose, and the terms of 26 U.S.C.A. § 2010, which grants him discretion as to whether or not he will do so. It is this discretion that poses the problem.

¶21 However, 26 U.S.C.A § 2010 grants the administrator a choice, and the statute as a whole is silent as to the effect state laws might have on how the administrator must make that choice. Here, the district court ordered Vose to elect portability in response to arguments that his fiduciary obligations as an estate administrator under Oklahoma law compel him to do so. The result, an election of portability, does not directly conflict with 26 U.S.C.A § 2010, which allows such an election. Lee makes no argument that: 1) there is an explicit preemption clause in the Internal Revenue Code in this instance; 2) the regulatory scheme is so pervasive it leaves no room for state law provisions; and 3) it is somehow physically impossible to comply with both laws, for the district court's order compels him to take an action allowed by federal law. By asserting deprivation of a choice granted by 26 U.S.C.A § 2010, he implicates the fourth factor set out by this Court, that the district court's order thwarts the objective and purpose of Congress. Todd v. Frank's Tong Service, Inc., 1989 OK 121, ¶5. See Arizona v. U.S, 132 S.Ct. 2492, 2501

¶22 The fact that state law may restrict a choice granted by federal law does not necessarily implicate the preemption doctrine by thwarting the objective and purpose of the law. In Williamson v. Mazda Motor of America, Inc., the Supreme Court of the United States determined that even though a state tort judgment might restrict manufacture choice concerning seat belt installation allowed by federal law, the judgment was not an obstacle to the accomplishment of the full purposes and objectives of federal law because maintaining manufacturer choice was not a significant regulatory objective. 562 U.S. 323, 336, 131 S.Ct. 1131, 1139, 179 L.ed.2d 75 (2011). Particularly persuasive is Justice Sotomayor's concurring opinion, where she notes:

In other words, the mere fact that an agency regulation allows manufacturers a choice between options is insufficient to justify implied pre-emption; courts should only find pre-emption where evidence exists that an agency has a regulatory objective--e.g., obtaining a mix of passive restraint mechanisms, as in Geier--whose achievement depends on manufacturers having a choice between options.

Williamson, 562 U.S. at 338 (Sotomayor, J., concurring).

¶23 Though the facts are different, the logic is applicable here. Absent an expressed Congressional purpose served by the DSUE election choice, the fact that the choice may be restricted on state law grounds does not implicate preemption. An examination of the relevant provisions does not reveal such a purpose. In fact, the IRS leaves open the possibility that a state court could appoint the surviving spouse as the administrator for the limited purpose of making the election, thereby depriving the primary administrator of the ability to make the election, either to comply with an antenuptial agreement or on some other grounds. See Portability of a Deceased Spousal Unused Exclusion Amount, 80 Fed. Reg. 34,279-01, 34,281 (June 16, 2015). It is the conclusion of this Court that the district court's order compelling Lee to file an estate tax return and elect portability is within the district court's subject matter jurisdiction and is not preempted by federal law.

V.
THE DISTRICT COURT DID NOT ERR BY ORDERING LEE TO
FILE A FEDERAL ESTATE TAX RETURN AND ELECT
PORTABILITY OF THE DSUE

¶24 Lee asserts Vose lacked standing to press DSUE Application before the district court because he is not an heir and can have no interest in Decedent's estate pursuant to the antenuptial agreement he entered into with Decedent prior to their marriage. Lee further argues that the district court's order violates the antenuptial agreement.

A. Vose has standing to assert his interest in the DSUE, independent of any
other interest he may have, unless his interest in the DSUE is barred by
the antenuptial agreement.

¶25 Lee asserts Vose waived his right to a distributive share under Paragraph 6.1(H) of the antenuptial agreement[9], and thus is not an heir of Decedent and without standing to press his DSUE application in the district court. Standing in a probate proceeding generally requires a pecuniary interest in the estate of the deceased. See 58 O.S. 2011 § 29 (interested persons may contest will); 58 O.S. 2011 § 129 (interested persons may contest petition for letters of administration); Murg v. Barnsdall Nursing Home, 2005 OK 73, ¶20, 123 P.3d 21; Mayweather v. Wallace, 1945 OK 148, ¶¶16-18, 159 P.2d 529.

¶26 However, Vose's status as an heir and his potential right to an intestate share under 84 O.S. § 213(B), is not the subject of this appeal. Title 26 U.S.C.A. § 2010 grants Vose a potential interest in a part of Decedent's estate under the control of Lee as the administrator. Vose may have a pecuniary interest as the surviving spouse in the portability of the DSUE, independent of his ability to take as an heir. The portability election would result in an increase to Vose's own applicable exclusion amount pursuant to 26 U.S.C.A. § 2010(c)(2). If reliance is not placed on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged a personal stake in the outcome. Ind. School Dist. No. 9 of Tulsa County v. Glass, 1982 OK 2, ¶8, 639 P.2d 1233. Vose has an obvious interest in the portability of the DSUE. The determinative question, then, is not whether the antenuptial agreement between Vose and Decedent bars him from being a legal heir, but whether the agreement bars him from claiming any interest in the portability of the DSUE.

B. Vose's interest in the DSUE is not barred by the antenuptial agreement he entered into with Decedent.

¶27 Antenuptial agreements are contracts. Title 84 O.S. 2011 § 44; Freeman v. Freeman, 1977 OK 110, ¶¶1-2, 565 P.2d 365. Antenuptial agreements can be used to waive rights to property or in other ways alter the rights related to marriage, statutory or otherwise. See In re Cobb's Estate, 1956 OK 299, 305 P.2d 1028.

¶28 However, extant applicable law is a part of every contract in this state as if it were expressly cited or its terms incorporated in the contract. Public Service Co. of Okla. v. State ex rel. Okla. Corp. Com'n, 2005 OK 47, ¶54, 115 P.3d 861; Welty v. Martinaire of Oklahoma, Inc., 1994 OK 10, ¶11, 867 P.2d 1273; East Central Okla. Elec. COOP v. Public Serv., 1970 OK 80, ¶9, 469 P.2d 662. An intent to modify applicable law by contract is not effective unless the power is expressly exercised. Public Service Co. of Okla., 2005 OK 47, ¶54; Dickason v. Dickason, 1980 OK 24, ¶10, 607 P.2d 674. A contractual adjustment of rights contrary to law must be clearly expressed in the agreement if applicable law is not to be applied. Public Service Co. of Okla., 2005 OK 47, ¶54; Heiman v. Atlantic Richfield Co., 1995 OK 19, ¶12 n.5, 891 P.2d 1252.

¶29 Further, in Faulkenberry v. Kansas City Southern Ry. Co., this Court considered the principles concerning waiver of rights under federal law, and the conclusion reached by the Court is relevant to this cause:

No one can be bound by a waiver of one's rights unless it was made with full knowledge of the rights intended to be waived. The fact that one knows his rights and intends to waive them must plainly appear. An indispensable ingredient of effective waiver is a freely exercised will to relinquish a known right.

1979 OK 142, ¶6, 602 P.2d 203 (footnotes omitted). One must have actual or constructive knowledge of rights to waive them. Guinn v. Church of Christ Collinsville, 1989 OK 8, ¶29 n.42, 775 P.2d 766; Faulkenberry, 1979 OK 142, ¶6.

¶30 Given the above principles, the antenuptial agreement does not bar Vose's interest in the DSUE. The portable DSUE is not simple property acquired by one party over the course of the marriage according to existing laws in effect when the agreement was made. It is an interest created by the federal tax code that was an impossibility at the time the antenuptial agreement between Vose and Decedent was created. The antenuptial agreement was entered into on May 24, 2006, and portability of the DSUE became an option under the federal tax code for the first time with the passage of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312, § 303, 124 Stat. 3296 (2010). Vose and Decedent clearly intended a comprehensive waiver of their marital rights under the law as it existed at the time, and included reference to specific statutory provisions where necessary. However, the agreement is silent as to portability because the change in law was unforeseeable to the parties when the contract was made. Accordingly, the district court was correct in implicitly determining that the antenuptial agreement did not bar Vose from asserting an interest in portability of the DSUE.

C. Given Lee's fiduciary obligations as the estate administrator of
Decedent under Oklahoma law, the district court did not err by
ordering Lee to file an estate tax return and elect portability of the 
DSUE.

¶31 A administrator is responsible for the faithful administration of the estate's property, Wilson v. Kane, 1993 OK 65, ¶10, 852 P.2d 717, and has a duty to preserve the estate. Murg v. Barnsdale Nursing Home, 2005 OK 73, ¶18, 123 P.3d 21. The estate administrator has a general duty to take charge of all the effects and personal assets belonging to the decedent and to preserve the same from damage, waste, and injury. In re Estate of Bartlett, 1984 OK 9, ¶17, 680 P.2d 369. An administrator of an estate occupies a fiduciary relationship toward all parties having an interest in the estate.[10] Further, although probate is governed by statutory procedure, substantive law in aid of probate's legal mission of capturing and distributing a deceased person's estate continues to be governed by common-law developments. In re Estate of Bleeker, 2007 OK 68, ¶13, 168 P.3d 774.[11]

¶32 Lee argues that since the DSUE is valuable only to Vose, while at the same time being an estate asset under Lee's complete control, he should be allowed to demand consideration from Vose in exchange for making the election. Vose further argues that pursuant to 26 U.S.C.A. § 2010(c)(5), electing portability of the DSUE will extend the audit window for Decedent's estate considerably. While 26 U.S.C.A. § 2010 requires the administrator to make the election to allow portability of the DSUE, the only person with an interest in and ability to use the DSUE, if it exists, is the surviving spouse. If the election is not made through the timely filing of an estate tax return, then it is lost. 26 U.S.C.A. § 2010(c)(5)(A). Vose has also agreed to pay any costs associated with preparing the necessary return.

¶33 The district court, after hearing expert testimony and considering the evidence, evidently determined that any risk to the estate was outweighed by Lee's fiduciary obligation to preserve the assets of the estate and safeguard Vose's interest in the DSUE. We agree, and determine the district court did not err by requiring Lee to file a federal estate tax return and elect portability of the DSUE. The district court's order was not contrary to the clear weight of the evidence or applicable governing law, and is therefore affirmed. Because of the time sensitive nature of this matter, any potential Petition for Rehearing is to be filed no later than Friday, January 27.

ORDER OF THE DISTRICT COURT IS AFFIRMED; CAUSE 
REMANDED.

COMBS, C.J., GURICH, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and REIF, JJ., concur.

FOOTNOTES

[1] Lee raised other issues in his Petition in Error. However, pursuant to Oklahoma Supreme Court Rule 1.11, 12 O.S. Supp. 2013, Ch. 15, App. 1, issues raised in the Petition in Error but omitted from the Brief in Chief may be deemed waived. Argument without supporting authority will not be considered. State v. Price, 2012 OK 51, ¶1 n.1, 280 P.3d 943; Fent v. Contingency Review Bd., 2007 OK 27, ¶22 n.58, 163 P.3d 512; Okla. City Urban Renewal Auth. V. City of Okla. City, 2005 OK 2, ¶7 n.9, 110 P.3d 550.

[2] 26 U.S.C.A. § 2010 provides:

§ 2010. Unified credit against estate tax

(a) General rule.--A credit of the applicable credit amount shall be allowed to the estate of every decedent against the tax imposed by section 2001.

(b) Adjustment to credit for certain gifts made before 1977. --The amount of the credit allowable under subsection (a) shall be reduced by an amount equal to 20 percent of the aggregate amount allowed as a specific exemption under section 2521 (as in effect before its repeal by the Tax Reform Act of 1976) with respect to gifts made by the decedent after September 8, 1976.

(c) Applicable credit amount.--

(1) In general.--For purposes of this section, the applicable credit amount is the amount of the tentative tax which would be determined under section 2001(c) if the amount with respect to which such tentative tax is to be computed were equal to the applicable exclusion amount.

(2) Applicable exclusion amount.--For purposes of this subsection, the applicable exclusion amount is the sum of--

(A) the basic exclusion amount, and

(B) in the case of a surviving spouse, the deceased spousal unused exclusion amount.

(3) Basic exclusion amount.--

(A) In general.--For purposes of this subsection, the basic exclusion amount is $5,000,000.

(B) Inflation adjustment.--In the case of any decedent dying in a calendar year after 2011, the dollar amount in subparagraph (A) shall be increased by an amount equal to--

(i) such dollar amount, multiplied by

(ii) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year by substituting "calendar year 2010" for "calendar year 1992" in subparagraph (B) thereof.

If any amount as adjusted under the preceding sentence is not a multiple of $10,000, such amount shall be rounded to the nearest multiple of $10,000.

(4) Deceased spousal unused exclusion amount.--For purposes of this subsection, with respect to a surviving spouse of a deceased spouse dying after December 31, 2010, the term "deceased spousal unused exclusion amount" means the lesser of--

(A) the basic exclusion amount, or

(B) the excess of--

(i) the applicable exclusion amount of the last such deceased spouse of such surviving spouse, over

(ii) the amount with respect to which the tentative tax is determined under section 2001(b)(1) on the estate of such deceased spouse.

(5) Special rules.--

(A) Election required.--A deceased spousal unused exclusion amount may not be taken into account by a surviving spouse under paragraph (2) unless the executor of the estate of the deceased spouse files an estate tax return on which such amount is computed and makes an election on such return that such amount may be so taken into account. Such election, once made, shall be irrevocable. No election may be made under this subparagraph if such return is filed after the time prescribed by law (including extensions) for filing such return.

(B) Examination of prior returns after expiration of period of limitations with respect to deceased spousal unused exclusion amount.--Notwithstanding any period of limitation in section 6501, after the time has expired under section 6501 within which a tax may be assessed under chapter 11 or 12 with respect to a deceased spousal unused exclusion amount, the Secretary may examine a return of the deceased spouse to make determinations with respect to such amount for purposes of carrying out this subsection.

(6) Regulations.--The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out this subsection.

(d) Limitation based on amount of tax.--The amount of the credit allowed by subsection (a) shall not exceed the amount of the tax imposed by section 2001.

[3] 26 U.S.C.A. § 2010(c)(6) provides:

(6) Regulations.--The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out this subsection.

[4] 26 U.S.C.A. § 2203 defines the term "executor" in connection with the federal estate tax provisions, and provides:

The term "executor" wherever it is used in this title in connection with the estate tax imposed by this chapter means the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent.

It is not disputed that Lee, as the court-appointed administrator of Decedent's estate, meets this definition.

[5] This Court noted the distinction between the district court's unlimited jurisdiction and its authority in probate matters in Estate of Sheen v. Epperson, where we stated:

Although, under the 1967 constitutional amendment a district judge now has unlimited "jurisdiction" to hear probate matters, the "authority" of the district judge remains limited by the statutory restrictions set forth in the probate statutes until such time as the legislature amends them.

1995 OK 86, ¶1, 909 P.2d 62 (Order Approving Court of Appeals Opinion for Publication as Amended).

[6] Title 58 O.S. 2011 § 1 provides:

A. The district court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases and in the manner prescribed by statute:

1. To open and receive proof of last wills and testaments, and to admit them to proof and to revoke the probate thereof, and to allow and record foreign wills;

2. To grant letters testamentary, of administration and of guardianship, and to revoke the same;

3. To appoint appraisers of estates of deceased persons and of minors and incapacitated persons;

4. To compel personal representatives and guardians to render accounts;

5. To order the sale of property of estates, or belonging to minors or to incapacitated persons;

6. To order the payments of debts from estates or guardianships;

7. To order and regulate all distribution of property or estates of deceased persons;

8. To compel the attendance of witnesses and the production of title deeds, papers, and other property of an estate, or of a minor, or incapacitated persons;

9. To exercise all the powers conferred by this chapter or by other law;

10. To make such orders as may be necessary to the exercise of the powers conferred upon it; and

11. To appoint and remove guardians for infants, and for persons insane or who are otherwise incapacitated persons; to compel payment and delivery by them of money or property belonging to their wards, to control their conduct and settle their accounts.

B. The district court which has jurisdiction and venue of the administration of any estate is granted jurisdiction and venue to cause Oklahoma and federal estate taxes to be equitably apportioned and collected.

C. The district court which has jurisdiction and venue of the administration of any estate is granted unlimited concurrent jurisdiction and venue to hear and determine:

1. In whom the title to any property is vested, whether the property is real, personal, tangible, intangible, or any combination thereof;

2. Rights with respect to such property as to all persons and entities;

3. Whether or not such property is subject to the jurisdiction of the court in the decedent's estate; and

4. Issues relating to trusts or issues involving a guardian or ward that may arise.

D. For proceedings under subsection C of this section, service of notice and process shall be required as in other cases and the provisions of the Oklahoma Pleading Code, Section 2001 et seq. of Title 12 of the Oklahoma Statutes, shall be followed.

[7] U.S. Const. art. VI, cl. 2 provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

[8] In Devon Energy Production Co., L.P., the Tenth Circuit noted:

. the Supreme Court has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under *1205 the National Bank Act. See Hansen, 641 F.3d at 1221; see also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560-61, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (LMRA); Taylor, 481 U.S. at 62-63, 107 S.Ct. 1542 (ERISA), and Anderson, 539 U.S. at 3-4, 123 S.Ct. 2058 (National Bank Act).

693 F.3d at 1204-1205.

[9] The Antenuptial Agreement provides in pertinent part:

6.1 Waiver: Except as otherwise specifically provided in this Agreement, Vose and [Decedent] mutually waive, discharge, and release each other to the fullest extent lawfully possible from any and all claims and rights, actual, inchoate, vested, or contingent, in law or equity, which he or she may aquire in or to the separate property, income, assets and liabilities of the other by reason of their marriage, under the laws of any state or the United States, including but not limited to:

H. The right to a distributive share in the estate of the other should he or she die intestate pursuant to Title 84 Okla. Stat., §213, or otherwise.

[10] The duty owed by an administrator to those interested in an estate originates in trust law. Cameron v. White, 1927 OK 293, ¶41, 262 P. 664. See 34 C.J.S. Executors and Administrators § 213; 31 Am. Jur. 2d Executors and Administrators § 368.

[11] In In re Estate of Bleeker, this Court determined that even though the statutes were silent on the ability of beneficiaries to bring actions on behalf of an estate, nothing in the statutes expressly prohibited a court from granting a beneficiary leave to bring an action on behalf of the estate when there are special circumstances that take the case out of the general rule. 2007 OK 68, ¶14.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 8, 775 P.2d 766, 60 OBJ 144, Guinn v. Church of Christ of Collinsville
Discussed
 1989 OK 121, 784 P.2d 47, 60 OBJ 2198, Todd v. Frank's Tong Service, Inc.
Discussed at Length
 1998 OK 8, 953 P.2d 1111, 69 OBJ 482, IN THE MATTER OF THE ESTATE OF SNEED
Discussed at Length
 1993 OK 65, 852 P.2d 717, 64 OBJ 1497, Wilson v. Kane
Discussed
 1994 OK 10, 867 P.2d 1273, 65 OBJ 457, Welty v. Martinaire of Oklahoma, Inc.
Discussed
 1994 OK 58, 875 P.2d 1138, 65 OBJ 1829, Bankoff v. Board of Adjustment of Wagoner County
Discussed
 1945 OK 148, 159 P.2d 529, 195 Okla. 587, MAYWEATHER v. WALLACE
Discussed
 1956 OK 299, 305 P.2d 1028, IN RE COBB'S ESTATE
Discussed
 1995 OK 19, 891 P.2d 1252, 66 OBJ 863, Heiman v. Atlantic Richfield Co.
Discussed
 1995 OK 40, 897 P.2d 268, 66 OBJ 1417, Matter of Estate of Maheras
Discussed
 1970 OK 80, 469 P.2d 662, EAST CENTRAL OKLAHOMA ELEC. COOP. v. PUBLIC SERV.
Discussed
 1995 OK 86, 909 P.2d 62, 66 OBJ 2775, Estate of Steen v. Epperson
Discussed
 2002 OK 90, 63 P.3d 9, IN THE MATTER OF THE ESTATE OF HOLCOMB
Discussed
 2005 OK 2, 110 P.3d 550, OKLAHOMA CITY URBAN RENEWAL AUTHORITY v. CITY OF OKLAHOMA CITY
Discussed
 2005 OK 47, 115 P.3d 861, PUBLIC SERVICE CO. OF OKLA. v. STATE ex rel. OKLA. CORP. COMM'N
Discussed at Length
 2005 OK 73, 123 P.3d 21, MURG, JR. v. BARNSDALL NURSING HOME
Discussed at Length
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Cited
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARD
Discussed
 2007 OK 68, 168 P.3d 774, IN THE MATTER OF THE ESTATE OF BLEEKER
Discussed at Length
 2012 OK 51, 280 P.3d 943, STATE v. PRICE
Discussed
 1980 OK 24, 607 P.2d 674, Dickason v. Dickason
Discussed
 1977 OK 110, 565 P.2d 365, FREEMAN v. FREEMAN
Discussed
 2016 OK 6, 367 P.3d 486, IN THE MATTER OF THE ESTATE OF CARLSON
Discussed
 1979 OK 142, 602 P.2d 203, FAULKENBERRY v. KANSAS CITY SOUTHERN RY. CO.
Discussed at Length
 1927 OK 293, 262 P. 664, 128 Okla. 251, CAMERON v. WHITE
Discussed
 1982 OK 2, 639 P.2d 1233, Independent School Dist. No. 9 of Tulsa County v. Glass
Discussed
 1998 OK 69, 980 P.2d 99, 69 OBJ 2493, Harrell v. Samson Resources Co.
Discussed
 1984 OK 9, 680 P.2d 369, Estate of Bartlett, Matter of
Discussed at Length
 1985 OK 108, 712 P.2d 40, 57 OBJ 54, Missouri-Kansas-Texas R. Co. v. State
Discussed
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 1, Probate Jurisdiction of District Court
Discussed at Length
 58 O.S. 29, Contest before Probate - Persons Entitled
Cited
 58 O.S. 129, Contest of Petition - Notice
Cited
Title 84. Wills and Succession
 Cite
Name
Level

 84 O.S. 44, Property Acquired by Joint Industry
Cited
 84 O.S. 213, Intestacy - Descent and Distribution
Cited