**REEDER, Adm'x, et al. v. REEDER et al.**

No. 20947. Opinion Filed Sept. 27, 1932.

Woodson E. Norvell, for plaintiffs in error. Gray Carroll, C. H Jameson, and Lashley & Rambo, for defendant in error Lula Bell Carwalho.

Biddison, Campbell, Biddison & Cantrell, for defendants in error Inez Sigler, Jessie Sigler, and Margaret Gainor.

CULLISON, J. Plaintiffs instituted suit in the district court seeking to declare a trust relative to certain real property which had previously belonged to Philander Reeder, deceased. Defendants answered by general denial and also pleaded certain special defenses. The cause was tried to the court without a jury and resulted in judgment favorable to defendants. The parties will be referred to as they appear in the trial court.

The record discloses that Philander Reeder during his lifetime was the owner of certain valuable property in the city of Tulsa, Okla., and some other property of small value; that he died on August 20, 1915, and that shortly prior thereto, on August 17, 1915, he made and executed a will disposing of his property The petition to probate said will of Philander Reeder, deceased, was filed in Tulsa county, Okla., August 28, 1915, and the will was admitted to probate by order of the county court on September 9, 1915. The executrix under the will filed her final account in said estate, which was approved on December 12, 1916, by order of the county judge and said estate was declared fully distributed, settled, and closed. Thereafter, on September 24, 1927, Jessica V. Reeder, administratrix of the estate of Charles L. Reeder, deceased, filed her petition in the case at bar in the district court of Tulsa county, Okla.

Charles L. Reeder,· deceased, was a son of Philander Reeder, deceased, said son having died after the death of his father. There were a number of defendants in said cause, one of whom, Winifred Reeder Jackson, adopted the pleadings of plaintiff in the trial of said cause. According to the terms of the will of Philander Reeder, deceased, he gave to his wife (who was his second wife, his first wife having died) the income and revenue from the property situated in the city of Tulsa, Okla., during her lifetime, and at her death said property to go to his children and grandchildren, as named in said will, each to have an equal share in the same.

The object of plaintiffs' cause of action is to set aside the will and probate thereof and permit the heirs to share in said property under the law of descent. The trial court rendered judgment in favor of defendants, from which judgment plaintiffs appeal to this court, and contend that the trial court erred in admitting incompetent

evidence, in refusing to admit competent evidence, and that the judgment is contrary to the evidence and contrary to law.

The last of said questions is sufficient to settle this case, and we .need not consider the matter of the competency of the evidence. The real question that will determine this appeal is whether or not the district court has jurisdiction to set aside a will and the probate thereof in the county court after the statute of limitations against contest of said will has run and said proceedings have become final.

This necessitates our consideration of the statutory provision relative to wills and the contest thereof, after said will has been regularly admitted to probate. Section 1121, O. O. S. 1921 [O. S. 1931, sec. 1116] provides:

"1121. Probate Conclusive, When: If no person, within one year after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

Under the section just cited, where no person, except the excepted class, institutes proceedings to contest the validity of a will, the probate of said will is conclusive and final one year after probate.

In the case at bar, the administratrix, plaintiff herein, represents the estate of her deceased husband, who was a person not within the excepted class of said section, supra, and a resident of Tulsa county, Okla., at the time said will was probated. Our court has had said section under consideration and has placed the following interpretation upon said section in the case of Cooper v. Newcomb, 73 Okla. 53, 174 P. 1029:

"Under section 6219, Rev. Laws 1910, a will may be contested at the probate thereof; but, if one is prevented by disability from filing such contest within said time, the same may be instituted within one year after the disability is removed by virtue of section 6225, Rev. Laws 1910, and if not filed within the time designated by these sections of the statute, the right to do so is lost."

In the case of Teague v. Smith, 85 Okla. 12, 204 P. 439, this court said:

"A decree of distribution, made by the county court in probate, having jurisdiction of the settlement of an estate on a hearing as provided in sections 6463, 6464, and 6466 of Revised Laws 1910, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the right of the parties interested in the estate, unless reversed or modified on appeal, and such a decree is not subject to collateral attack."

In Lusk v. Green, 114 Okla. 113, 245 P. 636, this court held:

"In the settlement of the estates of decedents, where the county court enters its decree of distribution distributing the estate, such decree is conclusive as to the rights of heirs, legatees, and devisees, subject only to be reversed, set aside, or modified on appeal."

The same question has been before the Supreme Court of the United States in the "Case of Broderick's Will," reported as Kieley v. McGlynn, 22 L. Ed. 599. At page 602 of the opinion the court said:

"As to the first point, it is undoubtedly the general rule, established both in England and this country, that a court of equity will not entertain jurisdiction of a bill to set aside a will or the probate thereof. The case of Kerrich v. Bransby, 7 Bro. P. Cas., 437, decided by the House of Lords in 1727, is considered as having definitely settled the question. Whatever may have been the original ground of this rule (perhaps something in the peculiar constitution of the English courts) the most satisfactory ground for its continued prevalence is, that the constitution of a succession to a deceased person's estate partakes, in some degree, of the nature of a proceeding in rem, in which all persons in the world who have any interest are deemed parties, and are concluded as upon res judicata by the decision of the court having jurisdiction. The public interest requires that the estates of deceased persons,. being deprived of a master, and subject to all manner of claims, should at once devolve to a new and competent ownership; and, consequently, that there should be some convenient jurisdiction and mode of proceeding by which this devolution may be effective with least chance of injustice and fraud; and that the result attained should be firm and perpetual. The courts invested with this jurisdiction should have ample powers both of process and investigation, and sufficient opportunity should be given to check and revise proceedings tainted with mistake, fraud or illegality. These objects are generally accomplished by the constitution and powers which are given to the probate courts, and the modes provided for reviewing their proceedings. And one of the principal reasons assigned by the equity courts for not entertaining bills on questions of probate is that the probate courts themselves have all the powers and machinery necessary to give full and adequate relief."

The court further said, at page 605 of the opinion:

"The question recurs: Do the facts stated in the present bill lay a sufficient ground for equitable interference with the probate

124

of David C. Broderick's will, or for establishing a trust against the purchasers of his estate in favor of the complainants. It needs no argument to show, as it is perfectly apparent, that every objection to the will or the probate thereof could have been raised, if it was not raised, in the probate court during the proceedings instituted for proving the will, or at any time within a year after probate was granted; and that the relief sought by declaring the purchasers trustees for the benefit of the complainants would have been fully compassed by denying probate of the will. On the establishment or nonestablishment of the will depended the entire right of the parties; and that was a question entirely and exclusively within the jurisdiction of the probate court. In such a case a court of equity will not interfere, for it has no jurisdiction to do so. The probate court was fully competent to afford adequate relief."

In the case at bar the will under consideration was offered to probate and proved in the county court in 1915, and said estate was concluded by order of the county court in 1916. Plaintiff's petition was filed in the district court on September 24, 1927, some 11 years after the conclusion of said case in the probate court.

Under the provisions of section 1121, supra, parties desiring to contest said will had one year in which to contest, and if they failed to do so, under the holdings of this court as announced, they would be barred by the limitation therein. As we view the case at bar, it is merely an attempt on the part of plaintiff to go around the statute of limitations by instituting a suit in a court of equity and trying to raise an equitable question.

Under the authorities cited a court of equity will not set aside the probate of a will.

Plaintiff's remedy was to contest the will in the court of original jurisdiction for the proving of wills. They sat idly by and cannot now complain because of their lack of diligence. Their right to contest the will has been barred for many years by the one-year statute of limitations.

The district court as a court of equity had no authority to set aside the will and probate thereof as requested by plaintiff. The judgment of the trial court should be affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur    LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) 28 R. C. L. 394; R. C. L. Perm. Supp. p. 6146; R. C. L. Pocket Part, title "Wills," § 402. (2) annotation in 52 A. L. R. 779; 10 R. C. L. 361, 362; 28 R. C. L. 396; R. C. L. Pocket Part, title "Wills," § 405.