## In re TURINSKY'S ESTATE.

No. 29518. May 28, 1940.

*103 P. 2d 86.*

A. E. Williams, of Tulsa, for plaintiff in error.

E. M. Gallaher, E. M. Connor, and T. Austin Gavin, all of Tulsa, for defendant in error.

BAYLESS, C. J. Appeal from the district court of Tulsa county concerning the estate of Stephen Turinsky. Turinsky, a bachelor without issue and whose parents were dead, died in Tulsa county, November 22, 1934, leaving an estate and a will disposing thereof. Petition for the probate thereof was filed December 17, 1934, and the will was duly admitted to probate on January 9, 1935. The executor administered the estate, filed his report, application for distribution, etc., and on December 30, 1937, the final account was allowed and distribution ordered. May 17, 1938, the county court, being satisfied distribution had been made, ordered the estate closed.

April 8, 1939, A. J. Turinsky, a brother of the deceased, filed in the county court of Tulsa county, under the style of the closed estate proceedings, a petition to reopen the matter and undo what had been done under the authority of the will because the will had been executed by deceased while incompetent and by reason of fraud and deceit practiced on him by certain legatees favored in the will. A demurrer was sustained, and an amended petition was filed. A demurrer thereto was sustained, and an appeal was taken to the district court of Tulsa county. Upon consideration of the demurrer to the amended petition by the district court, it was sustained, and this appeal followed.

For the purposes of this appeal it is sufficient to say that the admission of the will to probate is attacked by the amended petition under what would be grounds 1 and 2 of section 1101, O. S. 1931, 58 O. S. A. § 41, governing contests on the petition to probate, and ground 3 of section 1110, O. S. 1931, 58 O. S. A. § 61, governing contests on wills after probate.

The grounds of the demurrer to the amended petition were (1) statute of limitations, and (2) general grounds.

Turinsky addressed his brief principally to the point that the periods limited by sections 1110 and section 1116, O. S. 1931, 58 O. S. A. § 67, for contesting wills are not exclusive, but that the general law of limitations as affected by fraud, section 101, O. S. 1931, 12 O. S. A. § 95, also governs.

Respondents controvert this issue by insisting that the periods specified in the statutes relating to probate procedure are special and control general statutes, and also insist that orders admitting wills to probate are conclusive after one year and may not be attacked collaterally.

This precise issue does not appear to have been considered by this court in a proceeding of this kind. We have had occasion to consider attacks upon property rights vested under a will probated, and in Cooper v. Newcomb, 73 Okla. 53, 174 P. 1029, and Reeder v. Reeder, 159 Okla. 122, 14 P. 2d 684, we held that such attacks could not be made in actions in the district courts because by statute the orders admitting wills to probate became conclusive unless attacked within the period prescribed by the section of our probate procedure above specified.

There is nothing in the language of those decisions that would create the inference that attacks may be made upon orders admitting wills to probate otherwise than strictly in accord with statutes permitting such.

This precise issue has been settled in other jurisdictions, Bancroft, Probate Procedure, vol. 1, p. 306, § 168, and it seems to have been a subject of considerable litigation in California, the similarity of whose probate law in this respect to ours is marked.

Beginning with Maxwell's Estate, 74 Cal. 384, 16 P. 206, and coming to Smith's Estate, 214 Cal. 50, 3 P. 2d 921, that jurisdiction has consistently held that the period for attack specified in statutes similar to ours is exclusive, and that no other statute of limitation applies, nor may any exceptions be made other than those specified in favor of those under disability.

It was expressly held that fraud was not available as an exception or as an enlargement of the period of time allowed. Davis' Estate, 136 Cal. 590, 69 P. 412. The only exception to this very general rule applicable in the Western Code States is in Arizona, and this by express statutory provision. By statute such a contest may be maintained in that state one year after forgery or fraud is discovered. Sanders v. Sanders, 52 Ariz. 156, 79 P. 2d 523. This should serve to illustrate the logic of the rule announced by California and other states—that is to say, exception is found only by statute.

Section 101, supra, relied on by Turinsky, relates to the general procedure in civil actions, and applies to all situations not covered by an express statute that does not permit of enlargement. Steps for the probate of a will constitute a proceeding as differentiated from a civil action, and to that extent the express statutes governing do not permit of enlargement by general statutes relating to general civil procedure.

We have declined to permit district courts to entertain actions, based on alleged incompetency and fraud, to adjust the rights of parties, where more than one year had elapsed from the making of the order admitting the will to probate. Reeder v. Reeder, supra. Our decision does not disclose the grounds for the attack upon the probate proceedings because we deemed the ground therefor immaterial in view of the statutes limiting the time for contests on wills. But a study of the record in that appeal discloses that the testator was alleged to be incompetent because of age and that fraud was practiced on him in procuring the will to be executed.

Considering the broad powers of equity, it would seem that if the two-year period is not available in equitable actions, based on fraud, little reason can be advanced for applying the particular statute to probate proceedings governed by separate, independent, explicit statutes.

Respondents cite the cases announcing the rule that a special statute controls over a general statute, Moore v. O'Bannon, 182 Okla. 173, 77 P. 2d 70, and others, and rely upon the rule for support of their argument. We think the rule is applicable, and as reason for not using a general statute in this situation, when it is so aptly and completely covered by the statutes relating to probate proceedings. Carpenter v. Russell, 13 Okla. 277, 73 P. 930.

The judgment is affirmed.

RILEY, OSBORN, HURST, and DANNER, JJ., concur.