MAYWEATHER et al. v. WALLACE, Exr.

No. 31790. May 8, 1945.

Rehearing Denied June 19, 1945.

*159 P. 2d 529.*

Ward & Ward, of Tulsa, and A. P. Nugent, of Kansas City, Mo., for plaintiffs in error.

Hudson & Hudson and B. C. Franklin, all of Tulsa, for defendant in error.

RILEY, J. Floyd and Willie Mayweather appeal from dismissal of their special proceeding filed in the county court of Tulsa county, decided against them, appealed and tried de novo in the district court, attacking the validity of a will after probate.

Lete Kolvin Stevens died March 30, 1930, a resident of Tulsa county, testate, without issue, and leaving surviving her a husband, Joseph Stevens, together with a half sister and other kindred, exclusive of appellants.

The will of testatrix was admitted to probate June 11, 1930, upon the petition of the surviving husband named in the will as a legatee. James Isaiah Wallace was appointed executor of the estate of testatrix.

Among other property devised and bequeathed by the will there was an allotment in Creek county which had come to testatrix by reason of her enrollment as a member of the Creek Tribe of Indians. According to the will of testatrix, that land was devised in equal shares to the surviving husband, Joseph Stevens, and Joseph E. Thompson and Charlotte Wallace. The present controversy concerns $150,000 paid to the executor and his attorneys out of a total sum of $800,000 paid to the executor, interveners, and their attorneys, in settlement of litigation and in accounting for oil and gas extracted from the allotment.

Appellants herein intervened in that litigation, and in consideration of settlement and payment to them, they waived and relinquished to payors, their right, title, and interest to any of the funds paid to the executor.

The petition of appellants was filed in the county court of Creek county on March 30, 1943, more than 13 years after the probate of the will of testatrix.

The appellants are the nephews of Joseph Stevens, testatrix's surviving husband who died intestate in 1931 but within a year subsequent to the death of his said wife. Appellants are neither next of kin nor legatees named in the will of testatrix. Assuming, without deciding, that they are interested parties within contemplation of the statute, 58 O.S. 1941 §§ 61-67, it is by reason of their relationship as heirs of Joseph Stevens, deceased, and their right to a distributing share of the estate of testatrix devised to Joseph Stevens in his lifetime. It is possible that appellants seek to increase that share by these special proceedings.

The judgment from which this appeal comes denied appellants' contest because of the limitation of one year after the probate of the will of testatrix as provided by statute, 58 O.S. 1941 §§ 61 and 67. The judgment appealed from also denied and dismissed appellant's special proceedings because appellants, having waived and disclaimed to their

adverse settling adversaries in the litigation involving the funds in dispute as paid to the executor, it was the view of the trial court that the waiver and disclaimer of the appellants, as executed by them to the settlers, inured to the benefit of the executor and to estop appellants in these special proceedings.

Likewise, the trial court was of the view that appellants by reason of their relinquishment of right and interest in the assets of the estate of testatrix, now in the hands of the executor, and by reason of their kinship only with the spouse of testatrix, are not within contemplation of the statutes, supra, an interested party.

For the purpose of our decision and by reason of the fact that the motion of appellees to strike the appellants' petition was treated as a demurrer, we shall consider only the statute providing the right and limiting the exercise thereof. They are:

Sec. 61. "When a will has been admitted to probate, any person interested therein may at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations. . . ."

Sec. 67. "If no person, within one year after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

The general rule is:

". . . a probate court, under a statute conferring on such courts the power to modify or set aside their orders and decrees within a prescribed period after rendition, has power to vacate its order or decree and revoke probate only within the specified period from its rendition; and a statutory limitation on the time within which a person may apply for vacation of a probate order or decree operates not only on the parties proceeding, but also on the jurisdiction of the court." 68 C.J. 1148.

"A will regularly admitted to probate by the county court cannot be contested after one year, under section 1121, C.O.S. 1921 (O.S. 1931, § 1116) unless the contesting party comes within the excepted class." Reeder, Adm'x, et al. v. Reeder et al., 159 Okla. 122, 14 P. 2d 684; In re Turinsky's Estate, 187 Okla. 371, 103 P. 2d 86.

In Re Dunsmuir's Estate, 149 Cal. 67, 84 P. 657, it is held:

"Where a motion to vacate an order admitting a will to probate is not made within the time prescribed by Code Civ. Proc. § 473, and the order admitting the will to probate is not void on its face, an order granting such motion is erroneous and void."

In Re Estate of Duffy, 228 Iowa, 426, 128 A.L.R. 943, it is said:

"It is generally recognized by the courts and other authorities that no one has any standing to object to the probate of a will, or to bring any action to set aside its probate, unless he has an interest in property which the testator owned at his death, and attempted to dispose of by will. . . . A special proceeding to contest a will was unknown to the common law, because proceedings to probate a will of real estate were unknown to the common law. On the death of such a testator, the devisee procured the will and went into possession of the land. If his title was questioned by partition, ejectment, or other proceedings in court, he defended by offering the will in evidence as a muniment of title, and proved its execution as he would a deed. Thus it happened that in one court his will might be sustained, and in another court, denied. . . . Statutes covering the subject matter were later enacted, and since many of these were enacted prior to the colonization of this country by the English, they became part of the common law of this country."

The right to make testamentary disposition of property was known to the Egyptians 3,000 years before Christ. The Code of Hammurabi, King of Babylon, made provision for both testate and intestate succession. Testamentary disposition was known to the Assyrians, the Hebrews (Genesis 48-22), the Greeks (Plutarch's Life of Solon), and

the Romans (Laws of the Twelve Tables). But it was not until the Justinian Code (A.D. 534) that wills resembling the modern will were evolved. It was from the Roman Law that the ecclesiastical courts of England drew heavily on the subject of testaments. Maine's Ancient Law; Reppy & Thompson, History of Wills, 3. For many centuries in England, the term "testament" referred only to a disposition of personal property, and the term "will" was applied only to such disposition of real estate. The ecclesiastical courts had jurisdiction over testaments and civil courts had jurisdiction over wills. The ecclesiastical courts probated testaments under the "common form" which was without notice.. The ecclesiastical courts also probated wills extending to both personal and real property under "solemn form" which required notice to the next of kin. But the civil courts did not recognize the probate respecting real estate by the ecclesiastical courts. Re Estate of Duffy, supra.

However, in Ingersoll v. Gourley, 72 Wash. 462, 130 P. 743, a much quoted case on an analogous question, that court said:

"It seems to us, therefore, that any person acquiring an interest within that year (for contest) which but for the will would accrue to his pecuniary advantage, should have the right to contest the validity of the will within that time."

The Arizona court, in Re Biehn's Estate, 41 Ariz. 403, 18 P. 2d 1112, said:

"A 'person interested' is one who would be directly affected in a pecuniary sense by a settlement of the estate under the will, and this means one who is affected detrimentally by being deprived of a right he would have otherwise had in the absence of a will."

In Ingersoll v. Gourley, 72 Wash. 462, 130 P. 743, 129 A.L.R. 332, it was held that the right of contest survived under a statute authorizing "any person interested in the will," but was limited under the statute to a contest of validity within one year after probate, so that the court at any time within one year thereafter had jurisdiction on motion to allow the action, if commenced in due time, to be continued by successors in interest.

And it was held in Irving v. Rees, 131 N.Y.S. 523, that the interest of the son of the testatrix, who survived her, passed upon the son's death to his personal representatives, and that the person interested, when used in connection with an estate, included every person entitled, either absolutely or contingently, to share in the estate, except a creditor. But it has been held that the right to contest a probated will disposing of real estate does not, upon the death of the heir of the testator, subsequent to the probate, pass to the heir's heir where the latter is a stranger in blood and estate to the testator and could not at any time in his own right inherit from the testator. Ligon v. Hawkes, 110 Tenn. 514, 75 S.W. 1072, 129 A.L.R. 330.

However the rule may be, it is definite and certain that in the absence of a contest by those interested in the estate for a period within which under the statute a special proceeding for the contest is provided, the appellants were not at the time they instituted these special proceedings provided a right to contest the will of testatrix nor the probate thereof.

Affirmed.

HURST, V.C.J., and OSBORN, WELCH, CORN, and DAVISON, JJ., concur. ARNOLD, J., concurs in result.