OSCN Found Document:IN THE MATTER OF THE ESTATE OF ATKESON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF THE ESTATE OF ATKESON
2023 OK CIV APP 46
Case Number: 119971
Decided: 10/27/2023
Mandate Issued: 12/06/2023
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II

Cite as: 2023 OK CIV APP 46, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF BRENNEN JAMES ATKESON, DECEASED,

CRISWELL FUNERAL HOME, INC., Appellant,
v.
KHALILIAH SMITH-ATKESON, Appellee,
and
KIM FOX-JONES, as Personal Representative of the Estate of Brennen James Atkeson, Deceased.

APPEAL FROM THE DISTRICT COURT OF
PONTOTOC COUNTY, OKLAHOMA

HONORABLE C. STEVEN KESSINGER, TRIAL JUDGE

AFFIRMED

Andrew L. Walding, WALDING LAW, PLLC, Oklahoma City, Oklahoma, for Appellant

Don L. Holloway, HOLLOWAY, BETHEA & OTHERS, PLLC, Oklahoma City, Oklahoma, for Appellee

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Criswell Funeral Home appeals the district court's denial of its motion requesting a finding that Brennen James Atkeson was estranged from his wife Khaliliah Smith-Atkeson at the time of his death. The pivotal issue is whether the district court correctly denied Criswell's motion based on its conclusion that Criswell lacked standing pursuant to 21 O.S.2011 §§ 1151a(3) and 1158. After review, we find the decision was correct and we affirm.[1]

BACKGROUND

¶2 Criswell filed a motion in the ongoing probate proceedings for Brennen's estate seeking a finding that Brennen and Smith-Atkeson were estranged at the time of his death. Criswell's motion came more than four years and nine months after Criswell released Brennen's cremains to his mother, Kim Fox-Jones. Less than a month after Brennen died, Smith-Atkeson filed a complaint about Criswell with the Oklahoma Funeral Board, which ultimately decided she, and not Fox-Jones, had the right to control the disposition of Brennen's remains. The Funeral Board assessed costs and fees against Criswell and two of its directors. In addition to the probate and Funeral Board proceedings, there were at least two other pending proceedings involving Smith-Atkeson and/or Fox-Jones.[2] We will refer to events in these proceedings as necessary. Criswell points to statements and evidence gathered in the course of these proceedings to support its contention that Brennen and Smith-Atkeson were estranged at the time of his death. With these basic facts in mind, we delve further into the background of this case.

¶3 Brennen and Smith-Atkeson became engaged in January 2016. Brennen was diagnosed with late-stage terminal mesothelioma in February 2016. On March 14, 2016, Brennen and Smith-Atkeson were married, but on May 9, 2016, the couple separated, and Brennen moved back to his hometown of Ada, Oklahoma, to live with his parents, Fox-Jones and Rusty Atkeson. On July 18, 2016, Brennen filed a petition for divorce in Pontotoc County, alleging complete and irreconcilable incompatibility.

¶4 Brennen died of mesothelioma on August 21, 2016. Two days before his death, Brennen prepared and executed a holographic will naming his mother, Fox-Jones, as his personal representative. Following Brennen's demise, Fox-Jones made arrangements with Criswell for Brennen's funeral service and cremation. His funeral took place on August 26, 2016, and following the service, his cremains were given to Fox-Jones.

¶5 There are conflicting accounts by Smith-Atkeson about when she learned of Brennen's death, but she claims that after learning of his death, she informed Criswell of her relationship with Brennen through a phone call. She says Criswell prevented her from paying any funeral expenses, receiving Brennen's American flag as a Navy veteran, or receiving his cremains. Smith-Atkeson has insisted in various proceedings that, as Brennen's legal spouse, she had the right to disposition of Brennen's remains.

¶6 Brennen's death gave rise to litigation, and filings in the litigation prompted Criswell's decision to seek a finding that Smith-Atkeson and Brennen were estranged when he died. First, on September 14, 2016, Smith-Atkeson filed a complaint with the Oklahoma Funeral Board against Criswell and two of its funeral directors. Fox-Jones and Rusty Atkeson were not involved in these proceedings. After a hearing on June 8, 2017, the Funeral Board issued its Findings of Fact, Conclusions of Law, and Final Order on November 9, 2017, finding that Criswell cremated Brennen's body without Smith-Atkeson's knowledge or consent and that "Khaliliah Smith-Atkeson, not Kim Fox-Jones, had the right to control the disposition of the remains of the deceased . . . ." In determining this issue of control, the Funeral Board considered the provisions of 21 O.S.2011 § 1158. The Funeral Board assessed costs and fees against Criswell and the directors for the cost of the administrative proceedings.

¶7 In addition to the Funeral Board proceedings, a probate case of Brennen's estate was pending in Pontotoc County. Smith-Atkeson filed a motion to transfer venue of Brennen's probate case to Oklahoma County claiming Brennen intended to return there and live with her after receiving treatment. Smith-Atkeson offered inconsistent testimony as to why Brennen moved back to Ada. She also contradicted her testimony to the Funeral Board regarding when she learned of Brennen's divorce filing. The court in Pontotoc County ultimately denied Smith-Atkeson's motion to transfer venue of the probate case, and on November 15, 2017, the court admitted Brennen's will to probate and issued Letters Testamentary to Fox-Jones, Brennen's Personal Representative.

¶8 Fox-Jones as Personal Representative also filed a wrongful death lawsuit in Pontotoc County against several asbestos manufacturing and supplier defendants for damages arising from Brennen's death from mesothelioma he contracted from inhaling asbestos fibers brought home from oilfield work on his stepfather's clothing in the early 1980s. On April 26, 2019, the court in Pontotoc County in this case granted the defendants' motion for summary judgment in part, defeating Smith-Atkeson's wrongful death loss of consortium claims. Fox-Jones' claims as to two defendants were settled before trial, and at trial, the jury returned a substantial verdict on the claims against the remaining defendants which were subsequently settled post-verdict.

¶9 In this present case, on June 22, 2021, Criswell filed a motion with the probate court seeking a finding of estrangement between Brennen and Smith-Atkeson. Criswell relies on text messages (mainly between Brennen and Smith-Atkeson), the divorce petition, the fact that Brennen was living in Ada when he died, and Smith-Atkeson's interjection of the Funeral Board findings into other litigation. That same day, Criswell also filed a motion pursuant to 75 O.S. § 317(C) with the Funeral Board asking it "to reopen, rehear, and reconsider its Final Order entered against them based on the perjured testimony and [fictitious] evidence received from Smith-Atkeson." The Funeral Board denied Criswell's motion. Criswell sought from the probate court a finding of estrangement because that court, it asserts, has exclusive jurisdiction to enter such a finding. 21 O.S.2011 § 1151a(3).

¶10 On July 9, 2021, Smith-Atkeson moved to dismiss Criswell's motion, asserting Criswell lacks standing to request an estrangement finding and arguing the issue of estrangement is moot because Brennen's funeral occurred many years earlier and the issue of who had the right to disposition has already been decided. Smith-Atkeson asserted that Criswell sought an untimely appeal of the Funeral Board findings. On July 13, 2021, Fox-Jones, as Brennen's mother and Personal Representative, filed a response joining Criswell's request. Criswell objected to the motion to dismiss asserting it had standing because Smith-Atkeson's testimony before the Funeral Board adversely affected it "professionally and financially" and it "has a stake in the outcome of the estrangement issue."

¶11 After a hearing on September 2, 2021, and having considered the parties' proposed findings of fact and conclusions of law, the court denied Criswell's motion finding it lacked standing pursuant to 21 O.S.2011 § 1151a(3) because it is not a party entitled to direct the disposition of Brennen's remains. The court further found Criswell improperly sought appeal under 75 O.S. § 317(C) of the Administrative Procedures Act.[3]

¶12 This appeal ensued.

STANDARD OF REVIEW

¶13 Criswell raises an issue of first impression: whether Criswell, a licensed funeral establishment that provided services following Brennen's death, has standing in probate court to request a finding of estrangement. The issue requires this Court to engage in statutory construction of 21 O.S. § 1151a(3), and "[s]tatutory construction presents a question of law which we review de novo." Humphries v. Lewis, 2003 OK 12, ¶ 3, 67 P.3d 333. "This appeal also raises questions about the jurisdictional power of the trial court, including questions of standing, which this Court reviews under the de novo standard of review." W.P. Bistro Tulsa, LLC v. Henry Real Estate, LLC, 2022 OK CIV APP 24, ¶ 10, 514 P.3d 1091 (citing Bank of America, NA v. Kabba, 2012 OK 23, ¶ 4, 276 P.3d 1006. "Our review of questions on these topics is therefore plenary, independent, and non-deferential." W.P. Bistro Tulsa, LLC, 2022 OK CIV APP 24, ¶ 10. 

ANALYSIS

¶14 Criswell argues that 21 O.S.2011 § 1151a(3)[4] is not ambiguous and that neither that statute nor any of Oklahoma's disposition statutes beginning with 21 O.S.2011 § 1151 expressly prohibits Criswell from seeking a finding of estrangement which is defined as "a physical and emotional separation from the decedent at the time of death that clearly demonstrates an absence of due affection, trust and regard for the decedent." 21 O.S.2011 § 1151a(3). Criswell further asserts it has standing because Smith-Atkeson's testimony before the Funeral Board adversely affected it "professionally and financially" and it "has a stake in the outcome of the estrangement issue."

¶15 In Oklahoma, "'[p]robate proceedings are strictly statutory.'" In re Adoption of B.K.J. v. Rogers, 1982 OK 143, ¶ 16, 639 P.2d 611 (quoted citation omitted). "[A]uthority in probate matters is conferred upon the district courts of Oklahoma by 58 O.S.2011 § 1." In re Estate of Vose v. Lee, 2017 OK 3, ¶ 15, 390 P.3d 238 (footnote omitted). "Standing in a probate proceeding generally requires a pecuniary interest in the estate of the deceased. See 58 O.S.2011 § 29 (interested persons may contest a will); 58 O.S.2011 § 129 (interested persons may contest petition for letters of administration.)" Id. ¶ 25; see also Murg v. Barnsdall Nursing Home, 2005 OK 73, ¶¶ 20-23, 123 P.3d 21 (finding the defendant in a separate wrongful death suit did not have standing to contest the appointment of a special administrator because it was "[a] third party with no connection to the deceased"); see also Mayweather v. Wallace, 1945 OK 148, ¶¶ 16-18, 159 P.2d 529. Finally, "A cardinal precept of statutory construction is that where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretive devices to fabricate a different meaning." Keating v. Edmondson, 2001 OK 110, ¶ 15, 37 P.3d 882.

¶16 We agree with Criswell that the language of 21 O.S.2011 § 1151a(3) and § 1158[5] is unambiguous, but we reach a different conclusion as to the import of the language. Criswell maintains that it has standing because the language does not expressly limit standing to "interested persons" or persons in 21 O.S.2011 § 1158 who may be entitled to the right of disposition. The provisions, however, also do not expressly grant standing to non-interested persons. Adopting Criswell's position would be counter to both established policy and specific Probate Code provisions that limit standing to interested persons.

¶17 Standing in probate to contest a will or to contest a petition for letters of administration is limited to an interested person. 58 O.S.2011 § 29;[6] 58 O.S.2011 § 129.[7] Although the present action does not involve a will contest or a petition for letters of administration, the basic principle remains applicable. The Probate Code does not specifically define "interested person" in this context, but case law shows that "[s]tanding in a probate proceeding generally requires a pecuniary interest in the estate of the deceased." In re Estate of Vose, 2017 OK 3, ¶ 25. Criswell claims no pecuniary interest in Brennen's estate, but claims only an interest in the outcome of the estrangement issue. And at the September 2, 2021, hearing, Criswell admitted that even this interest is indirect when its counsel stated Smith-Atkeson's continued filings asserting she had the right to disposition are "essentially a continuous--a continuous attack on Kim Fox Jones and indirectly Criswell."[8]

¶18 The well-established policy in Oklahoma probate proceedings, and in other jurisdictions as well, is to limit standing to interested persons while excluding "an interloper" or "mere meddlesome intruder." See, e.g., Logan v. Thomason, 202 S.W.2d 212, 217 (Tex. 1947). Though non-binding, we find these cases persuasive, especially given Criswell's failure to cite any direct authority for its proposition that it has standing to seek relief in a probate action. Although Criswell urges it sought a finding of estrangement because Smith-Atkeson's testimony before the Funeral Board adversely affected it "professionally and financially," Criswell claims no interest in the probate of Brennen's estate, but only an interest in the outcome of the estrangement issue. Regardless of whether Criswell intends to use a finding of estrangement in the Oklahoma County lawsuit, or as a basis for appeal of the Funeral Board findings, or in any other litigation, Criswell has an insufficient interest in Brennen's estate, making it more closely resemble "an interloper" or "mere meddlesome intruder" than "a person interested" in the probate estate of the deceased. Id.

¶19 Although not precisely on point, Murg v. Barnsdall Nursing Home, 2005 OK 73, 123 P.3d 21, is instructive. In Murg, the trial court determined Barnsdall Nursing Home, a defendant in a separate wrongful death lawsuit, had no standing to contest the appointment of a special administrator because Barnsdall was a "third-party with no connection to the deceased." Id. ¶¶ 20-23. Because the decedent's surviving spouse declined to pursue a wrongful death claim against Barnsdall, the court appointed the decedent's son as special administrator of the estate, thus giving him authority to pursue a wrongful death action. Id. ¶¶ 16-17. If Barnsdall, a "potential creditor," had been successful in contesting the appointment of the decedent's son as special administrator, all wrongful death claims against it would have been extinguished. Id. ¶¶ 20-21. Because the case involved the appointment of a special administrator, the court relied on 58 O.S.2001 §§ 213 and 122 and determined Barnsdall had no standing because "[i]t is not an interested party as a statutory heir of the decedent . . . nor is it eligible to petition for letters in its own right." Id. ¶ 23.

¶20 Similarly here, the trial court relied on 21 O.S.2011 § 1158 which governs the right to control disposition of the deceased's remains to limit standing to those persons who may have the right to disposition in this context. Criswell has no pecuniary interest in the probate of Brennen's estate, does not qualify as a creditor or potential creditor, and does not qualify as a person entitled to disposition of Brennen's remains pursuant to 21 O.S.2011 § 1158. Criswell is a "third-party with no connection to the deceased." See Barnsdall Nursing Home, 2005 OK 73, ¶¶ 20-23. For these reasons, the trial court properly denied Criswell's motion for lack of standing to pursue the relief requested.

¶21 Because we affirm the district court's determination that Criswell lacked standing, we do not reach the other issue presented on appeal by Criswell regarding the administrative proceedings.

CONCLUSION

¶22 This case presents an issue of first impression, but in line with the Probate Code, case law, and the well-established policy of probate courts limiting standing to interested persons, we affirm the trial court's order denying Criswell's motion for lack of standing to seek a finding of estrangement.

¶23 AFFIRMED.

BARNES, V.C.J., and HIXON, J., concur.

FOOTNOTES

[1] Smith-Atkeson's motion to dismiss this appeal as moot is denied.

[2] Appellant's request filed June 14, 2023, to take judicial notice of the procedural status of these matters is granted. See Collier v. Reese, 2009 OK 86, n.7, 223 P.3d 966.

[3] Criswell on appeal denies seeking relief under the Act, but states it included the Funeral Board's rulings only to fully inform the trial court.

[4] Title 21 O.S.2011 § 1151a(3) states:

Any person entitled by law to the right to dispose of the body of the decedent shall forfeit that right, and the right shall be passed on to the next qualifying person as listed in Section 1158 of Title 21 of the Oklahoma Statutes, in the following circumstances:

1. Any person charged with first or second degree murder or voluntary manslaughter in connection with the death of the decedent, and whose charges are known to the funeral director; provided, however that if the charges against such person are dropped, or if such person is acquitted of the charges, the right of disposition shall be returned to the person;

2. Any person who does not exercise the right of disposition within three (3) days of notification of the death of the decedent or within five (5) days of the death of the decedent, whichever is earlier; or

3. If the district court, pursuant to Title 58 of the Oklahoma Statutes, determines that the person entitled to the right of disposition and the decedent were estranged at the time of death. For purposes of this paragraph, "estranged" means a physical and emotional separation from the decedent at the time of death that clearly demonstrates an absence of due affection, trust and regard for the decedent.

[5] Title 21 O.S.2011 § 1158, governing who will have the right to control the disposition of a deceased person's remains, states:

The right to control the disposition of the remains of a deceased person, the location, manner and conditions of disposition, and arrangements for funeral goods and services vests in the following order, provided the person is eighteen (18) years of age or older and of sound mind:

1. The decedent, provided the decedent has entered into a pre-need funeral services contract or executed a written document that meets the requirements of the State of Oklahoma;

2. A representative appointed by the decedent by means of an executed and witnessed written document meeting the requirements of the State of Oklahoma;

3. The surviving spouse;

4. The sole surviving adult child of the decedent whose whereabouts is reasonably ascertained or if there is more than one adult child of the decedent, the majority of the surviving adult children whose whereabouts are reasonably ascertained;

5. The surviving parent or parents of the decedent, whose whereabouts are reasonably ascertained;

6. The surviving adult brother or sister of the decedent whose whereabouts is reasonably ascertained, or if there is more than one adult sibling of the decedent, the majority of the adult surviving siblings, whose whereabouts are reasonably ascertained;

7. The guardian of the person of the decedent at the time of the death of the decedent, if one had been appointed;

8. The person in the classes of the next degree of kinship, in descending order, under the laws of descent and distribution to inherit the estate of the decedent. If there is more than one person of the same degree, any person of that degree may exercise the right of disposition;

9. If the decedent was an indigent person or other person the final disposition of whose body is the financial responsibility of the state or a political subdivision of the state, the public officer or employee responsible for arranging the final disposition of the remains of the decedent; and

10. In the absence of any person under paragraphs 1 through 9 of this section, any other person willing to assume the responsibilities to act and arrange the final disposition of the remains of the decedent, including the personal representative of the estate of the decedent or the funeral director with custody of the body, after attesting in writing that a good-faith effort has been made to no avail to contact the individuals under paragraphs 1 through 9 of this section.

[6] Title 58 O.S.2011 § 29 allows any person interested to contest a will.

[7] Title 58 O.S.2011 § 129 provides any person interested may contest a petition for letters of administration on the grounds the applicant is incompetent or "at any time within thirty (30) days after an administrator has been appointed, assert his own rights to the administration and pray that letters be issued to himself."

[8] Counsel for Smith-Atkeson immediately responded, "There's no one making a claim for any of [Brennen's] remains." Tr., p. 27, lines 13-14.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2022 OK CIV APP 24, 514 P.3d 1091, 
W. P. BISTRO TULSA v. HENRY REAL ESTATE
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1945 OK 148, 159 P.2d 529, 195 Okla. 587, 
MAYWEATHER v. WALLACE
Discussed

 
2001 OK 110, 37 P.3d 882, 72 OBJ 3672, 
KEATING v. EDMONDSON
Discussed

 
2003 OK 12, 67 P.3d 333, 
HUMPHRIES v. LEWIS
Discussed

 
2005 OK 73, 123 P.3d 21, 
MURG, JR. v. BARNSDALL NURSING HOME
Discussed at Length

 
2009 OK 86, 222 P.3d 966, 
COLLIER v. REESE
Cited

 
2012 OK 23, 276 P.3d 1006, 
BANK OF AMERICA, NA v. KABBA
Discussed

 
2017 OK 3, 390 P.3d 238, 
IN THE MATTER OF THE ESTATE OF VOSE
Discussed at Length

 
1982 OK 143, 639 P.2d 611, 
Adoption of B. K. J., Matter of
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 1151a, 
Forfeiture of Right to Dispose of One's Body
Discussed at Length

 
21 O.S. 1151, 
Right to Direct the Disposal of One's Body
Cited

 
21 O.S. 1158, 
Right to Control Disposition of Remains - Persons in Whom Vested
Discussed at Length

Title 58. Probate Procedure

 
Cite
Name
Level

 
58 O.S. 1, 
Probate Jurisdiction of District Court
Cited

 
58 O.S. 29, 
Contest before Probate - Persons Entitled
Discussed at Length

 
58 O.S. 129, 
Contest of Petition - Notice
Discussed at Length

 
58 O.S. 213, 
Preference to Person Entitled to Letters
Cited

Title 75. Statutes and Reports

 
Cite
Name
Level

 
75 O.S. 317, 
Rehearing, Reopening or Reconsideration of Agency Decision
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA