OSCN Found Document:IN THE MATTER OF THE ESTATE OF GEORGES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF THE ESTATE OF GEORGES
2023 OK 123
Case Number: 120989
Decided: 12/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 123, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

IN THE MATTER OF THE ESTATE OF BASIL GEORGES

JAMES R. FELTS, Intervenor/Appellant,
v.
POPPI ELENI GEORGES MASSEY, Individually, as Co-Personal Representative of this Estate and as Co-Trustee of the Basil Georges Estate Trust for Poppi Eleni Georges Massey, SUZANNE VINSON GEORGES LOPEZ, Individually and as Co-Trustee of the Basil Georges Estate Trust for Suzanne Vinson Georges, now Lopez, GEORGE L. SARTAIN, JR., Individually, and as Co-Trustee of the Basil Georges Estate Trusts for Poppi Eleni Georges Massey, as Co-Trustee of the Basil Georges Estate Trust for Suzanne Vinson Georges, now Lopez, and as Co-Trustees of the Basil Georges Estate Trust for Alexander James Georges, THE HEIRS OF BASIL GEORGES, Deceased, if living, or if dead, their heirs, successors and assigns, whether known or unknown and whether living or dead, POPPI AND SUZANNE 1999 OIL PROPERTIES LP, a Texas limited partnership, and POPPI & SUZANNE OIL PROPERTIES LLC, A LIMITED LIABILITY COMPANY, Respondents/Appellees.

MEMORANDUM OPINION

Darby, J.:

¶1 James Felts, Appellant, filed a petition to vacate the final decree in a probate case and sought to intervene in the estate of Basil Georges, Decedent, on the theory that he was a pretermitted heir. In response to Appellant's petition, Poppi Eleni Georges Massey, Suzanne Vinson Georges Lopez, George L. Sartain, Jr., the heirs of Basil Georges, Poppi and Suzanne 1999 Oil Properties L.P., and the Poppi & Suzanne Oil Properties LLC, collectively Respondents or Appellees, filed a motion to dismiss alleging that Appellant lacked standing to intervene. The district court found that Appellant already had a presumed father, who was not Decedent, and that Appellant failed to make a showing that he had standing to intervene in Decedent's probate when Decedent had not been adjudicated his father. The district court granted Appellees' motion to dismiss. The question presented is whether the district court correctly dismissed Appellant's petition to vacate and intervene. We answer the question in the affirmative.

FACTS AND PROCEDURAL HISTORY

¶2 Neoma Marie Felts married Clyde Felts in 1950. In 1958 she gave birth to Appellant. Clyde Felts is Appellant's presumed father. 10 O.S. 2011, § 7700-204(A)(1).[1]

¶3 Basil Georges, Decedent, died in 1997. In March 1999, George L. Sartain, son of Decedent and Co-Personal Representative of his estate, filed a petition, and later an amended petition, for the probate of the will of Basil Georges in the Hughes County district court.[2] The next month, on April 12, 1999, the district court admitted the will to probate. By June 1999, one of the Co-Personal Representatives of the estate of Basil Georges filed a Final Report and Final Account along with a Petition for Order Allowing Final Report and for a Final Decree of Distribution and Discharge. On July 28, 1999, the district court entered its Order allowing final report and final account. On January 6, 2003, the district court rendered its final discharge.

¶4 It was not until fifteen years after the close of probate proceedings that Appellant alleges he became aware of his consanguineous connection to Decedent. Sometime in 2018 Poppi Eleni Georges Massey, Daughter of Decedent and Co-Personal Representative, took a commercially-available DNA test. The results allegedly show that Poppi and Appellant shared the same biological father. Poppi then contacted Appellant and told him about the test and results. On March 31, 2020, Appellant filed a petition to vacate the final probate orders and to intervene in the action. In the petition, Appellant argued that Appellees defrauded the court during Decedent's probate by falsely claiming that Decedent had no other heirs besides the ones listed in the will. Appellant further argued that, because Appellant was Decedent's son, he is considered a pretermitted heir and therefore entitled to an intestate share of the estate. In response, Appellees filed a motion to dismiss for lack of subject-matter jurisdiction claiming that Appellant lacked standing because Appellant already had a presumed father, Clyde Felts. Naturally then, Appellees argued Appellant could not be a pretermitted heir if someone else was his father; and if Appellant was not an heir, then there was no fraud upon the court.

¶5 After hearing oral argument, the district court ruled in favor of Appellees, finding that Appellant lacked the requisite standing to bring his petition. Appellant appealed and we retained this case because of the present widespread availability of DNA testing to the general public. We now affirm because the district court lacked jurisdiction to hear the post-probate dispute. 58 O.S. 2011, § 67;[3] see also In re Estate of Speake, 1987 OK 61, ¶¶ 12-16, 743 P.2d 648, 652-54.

STANDARD OF REVIEW

¶6 Motions to dismiss are generally viewed with disfavor and are reviewed de novo on appeal. Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 8, 353 P.3d 529, 531. We must assume all factual allegations within the challenged pleadings are true and make any reasonable inferences therefrom in favor of the nonmoving party. Id.; Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. If, under the controlling law, there is no set of facts alleged or inferred that would support a finding for relief, then the motion must be granted and the action dismissed. Miller, 1998 OK 24, ¶ 15, 956 P.l2d, at 894. If supported by law and evidence, we will affirm the district court's judgment, "even if it was based on an incorrect theory and neither party tendered below an appropriate analysis of the applicable law." Signature Leasing, LLC v. Buyer's Group, LLC, 2020 OK 50, ¶ 14, 466 P.3d 544, 548 (quoting Akin v. Mo. Pac. R.R. Co., 1998 OK 102, ¶ 35, 977 P.2d 1040, 1054).

ANALYSIS

¶7 Appellant sought to prove Decedent was his biological father and that Appellant should therefore have had some interest in Decedent's estate as a pretermitted heir. Considering this, the district court granted Appellees' motion to dismiss on the ground that Appellant lacked standing--that Appellant had no interest in Decedent's estate because Clyde Felts is Appellant's presumed father. While a pretermitted heir may claim some interest in the estate of their Mother or Father under certain circumstances, 84 O.S. 2011, § 215,[4] the alleged discovery of a person's status as a pretermitted heir does not change the probate jurisdiction of district courts. 58 O.S. 2011, § 1.[5] The district court's probate jurisdiction is prescribed by statute. Id. at § 1(A).

¶8 Appellant alleges that the district court erred by treating the Oklahoma Uniform Parentage Act, 10 O.S. 2011, § 7700-101 et seq., as the sole means of proving paternity in a probate proceeding. See Estate of Dicksion, 2011 OK 96, 286 P.3d 283. This Court held that 84 O.S. 2011, § 215, a statute providing for pretermitted heirs, applies to intestate and probate proceedings. Dicksion, 2011 OK 96, ¶ 1, 286 P.3d at 284-85. But in Dicksion, the issue of paternity was determined at the same time as the probate proceeding, whereas in the case at hand, the probate court entered a final order of distribution and discharge over 15 years before Appellant filed his petition to vacate the probate orders and intervene in the proceeding. See Id. ¶ 15, 286 P.3d at 287.

¶9 Where a party challenges an already closed probate based on fraud, the statute of limitations period is governed by title 58, section 67, rather than the general law of limitations at title 12, section 95. In re Turinsky's Estate, 1940 OK 290, ¶ 15, 103 P.2d 86, 88 (holding that the rule that a special statute controls over a general statute applies to statute of limitations in probate proceedings). Under the probate procedure code, title 58, § 67 bars Appellant's attempt to reopen the probate because the probate of Basil Georges' will is conclusive. 58 O.S. § 67. Section 67's limitations period operates on the court's jurisdiction. In re Estate of Speake, 1987 OK 61, ¶ 12, 743 P.2d 648, 652 (recognizing that section 67's "time bar is to be regarded as a limitation upon the court's power to exercise its cognizance over a post-probate contest.") (emphasis original); see also Mayweather v. Wallace, 1945 OK 148, ¶ 13, 159 P.2d 529, 530. The fact that Appellant alleges fraud in this case does not affect the court's jurisdiction. Fraud will not extend the period allowed to contest a will, only those exceptions explicitly found in the statute would extend the period of time. In re Turinsky's Estate, 1940 OK 290, ¶¶ 8-12, 103 P.2d at 87.

¶10 We have said before that

the constitution of a succession to a deceased person's estate partakes, in some degree, of the nature of a proceeding in rem, in which all persons in the world who have any interest are deemed parties, and are concluded as upon res judicata by the decision of the court having jurisdiction. The public interest requires that the estates of deceased persons, being deprived of a master, and subject to all manner of claims, should at once devolve to a new and competent ownership; and, consequently, that there should be some convenient jurisdiction and mode of proceeding by which this devolution may be effective with least chance of injustice and fraud; and that the result attained should be firm and perpetual.

Reeder v. Reeder, 1932 OK 639, ¶ 11, 14 P.2d 684, 685-86 quoting In re Broderick's Will, 88 U.S. (21 Wall.) 503, 519, 22 L. Ed. 599 (1874).

¶11 The probate of Basil Georges' will was conclusive three months after the admission to probate of the will. See 58 O.S. § 67. Appellant fails to meet either of the statutory exceptions--infants and persons of unsound mind--which would extend the period for one year after such disability is removed in which to contest the will or the validity thereof. Id. The judgment of the district court is affirmed.

Rowe, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Darby, Kuehn, JJ., concur.

Kane, C.J., concurs in result.

FOOTNOTES

[1] 10 O.S. § 7700-204 provides, in pertinent part:

A. A man is presumed to be the father of a child if:e
1. He and the mother of the child are married to each other and the child is born during the marriage;

[2] The Oklahoma probate proceeding was an ancillary probate as Decedent resided in Texas but owned real property in Oklahoma. Oklahoma law controls the ancillary probate involving the Oklahoma real estate. 84 O.S.2011, § 20 ("Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this state, by the law of this state; when relating to personal property, by the law of the testator's domicile.")

[3] Title 58, § 67 provides:

If no person, within three (3) months after the admission to probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed.

[4] Title 84, § 215 provides:

For inheritance purposes, a child born out of wedlock stands in the same relation to his mother and her kindred, and she and her kindred to the child, as if that child had been born in wedlock. For like purposes, every such child stands in identical relation to his father and his kindred, and the latter and his kindred to the child, whenever: (a) the father, in writing, signed in the presence of a competent witness acknowledges himself to be the father of the child, (b) the father and mother intermarried subsequent to the child's birth, and the father, after such marriage, acknowledged the child as his own or adopted him into his family, (c) the father publicly acknowledged such child as his own, receiving it as such, with the consent of his wife, if he is married, into his family and otherwise treating it as if it were a child born in wedlock, or (d) the father was judicially determined to be such in a paternity proceeding before a court of competent jurisdiction.
For all purposes, the issue of all marriages null in law, or dissolved by divorce, are deemed to have been born in wedlock.

[5] Title 58, § 1 provides:

A. The district court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases and in the manner prescribed by statute:
1. To open and receive proof of last wills and testaments, and to admit them to proof and to revoke the probate thereof, and to allow and record foreign wills;
2. To grant letters testamentary, of administration and of guardianship, and to revoke the same;
3. To appoint appraisers of estates of deceased persons and of minors and incapacitated persons;
4. To compel personal representatives and guardians to render accounts;
5. To order the sale of property of estates, or belonging to minors or to incapacitated persons;
6. To order the payments of debts from estates or guardianships;
7. To order and regulate all distribution of property or estates of deceased persons;
8. To compel the attendance of witnesses and the production of title deeds, papers, and other property of an estate, or of a minor, or incapacitated persons;
9. To exercise all the powers conferred by this chapter or by other law;
10. To make such orders as may be necessary to the exercise of the powers conferred upon it; and
11. To appoint and remove guardians for infants, and for persons insane or who are otherwise incapacitated persons; to compel payment and delivery by them of money or property belonging to their wards, to control their conduct and settle their accounts.
B. The district court which has jurisdiction and venue of the administration of any estate is granted jurisdiction and venue to cause Oklahoma and federal estate taxes to be equitably apportioned and collected.
C. The district court which has jurisdiction and venue of the administration of any estate is granted unlimited concurrent jurisdiction and venue to hear and determine:
1. In whom the title to any property is vested, whether the property is real, personal, tangible, intangible, or any combination thereof;
2. Rights with respect to such property as to all persons and entities;
3. Whether or not such property is subject to the jurisdiction of the court in the decedent's estate; and
4. Issues relating to trusts or issues involving a guardian or ward that may arise.
D. For proceedings under subsection C of this section, service of notice and process shall be required as in other cases and the provisions of the Oklahoma Pleading Code, Section 2001 et seq. of Title 12 of the Oklahoma Statutes, shall be followed.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1987 OK 61, 743 P.2d 648, 58 OBJ 1982, 
Estate of Speake, Matter of
Discussed at Length

 
1940 OK 290, 103 P.2d 86, 187 Okla. 371, 
In re TURINSKY'S ESTATE
Discussed at Length

 
1945 OK 148, 159 P.2d 529, 195 Okla. 587, 
MAYWEATHER v. WALLACE
Discussed

 
1932 OK 639, 14 P.2d 684, 159 Okla. 122, 
REEDER Adm'x et al v. REEDER et al.
Discussed

 
2011 OK 96, 286 P.3d 283, 
IN THE MATTER OF THE ESTATE OF DICKSION
Discussed at Length

 
2015 OK 53, 353 P.3d 529, 
LADRA v. NEW DOMINION, LLC
Discussed

 
2020 OK 50, 466 P.3d 544, 
SIGNATURE LEASING LLC v. BUYER'S GROUP LLC
Discussed

 
1998 OK 24, 956 P.2d 887, 69 OBJ 1172, 
MILLER v. MILLER
Discussed at Length

 
1998 OK 102, 977 P.2d 1040, 69 OBJ 3512, 
Akin v. Missouri Pacific Railroad Co.
Discussed

Title 10. Children

 
Cite
Name
Level

 
10 O.S. 7700-101, 
Short Title
Cited

 
10 O.S. 7700-204, 
Presumption of Paternity - Rebuttal
Discussed

Title 58. Probate Procedure

 
Cite
Name
Level

 
58 O.S. 1, 
Probate Jurisdiction of District Court
Cited

 
58 O.S. 67, 
Probate Conclusive, When
Discussed at Length

Title 84. Wills and Succession

 
Cite
Name
Level

 
84 O.S. 20, 
Governing Law as to Interpretation of the Will - Real Property and Personal Property
Cited

 
84 O.S. 215, 
Inheritance by and from Illegitimate Child
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA